■ MONCLAR PRADO, Appellant, v SIDNEY B. BOWNE & SONS et al., Respondents. [616 NYS2d 656] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated February 5, 1993, which granted the motion of the defendants Allen & Grant and Ward Associates, P. C. and the cross motion of the defendant Sidney B. Bowne & Sons, for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting therefrom the provision which granted the motion of the defendants Allen & Grant and Ward Associates, P. C. for summary judgment, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, a construction worker, sustained injuries when he fell from an elevated water tank allegedly owned by the Village of Sands Point while performing certain renovation work on the tank. He subsequently commenced the instant action against the defendants Sidney B. Bowne & Sons (hereinafter Bowne), Allen & Grant (hereinafter A & G) and Ward Associates, P. C. (hereinafter Ward), engineering firms which the plaintiff alleged were, *inter alia,* negligent in supervising the renovation work. The Supreme Court granted the motion of A & G and Ward for summary judgment dismissing the complaint insofar as it is asserted against them, as well as the cross motion of Bowne for the same relief.

Contrary to the plaintiff's contention, Bowne succeeded in establishing its entitlement to summary judgment. "It is well settled in New York that liability may not be imposed upon an engineer, who is engaged to assure compliance with construction plans and specifications, for an injury sustained by a

worker, unless the engineer commits an affirmative act of negligence or such liability is imposed by a clear contractual provision" *(Brooks v Gatty Serv. Co.,* 127 AD2d 553, 554). Bowne demonstrated, by evidentiary material consisting of affidavits and deposition testimony, that its only duties with respect to the renovation project were to prepare the plans and specifications for the work pursuant to a verbal agreement with the village and to conduct periodic inspections of the site to determine whether the work was being performed in accordance with those specifications. The plaintiff came forward with no evidence indicating that Bowne controlled the manner in which the work was carried out, that Bowne committed any affirmative act of negligence, or that the agreement between Bowne and the village imposed a duty upon Bowne to ensure the plaintiff's safety. In this regard, we find unpersuasive the plaintiff's claim that he did not have a sufficient opportunity to conduct discovery. Rather, his mere expressions of hope that further discovery might reveal evidence establishing a triable issue of fact are insufficient to defeat the cross motion for summary judgment under the circumstances of this case *(see, Plotkin v Franklin,* 179 AD2d 746).

However, we find on this record that summary judgment was improperly awarded in favor of A & G and Ward. Although the plaintiff's causes of action against these defendants alleged that they committed various negligent acts, A & G and Ward sought summary judgment based solely on their claim that they had no involvement with any aspect of the renovation project until after the plaintiff's accident. However, the deposition testimony of a principal of Bowne refuted this assertion and indicated that A & G and Ward had been hired by the village prior to the preparation of the contract specifications and had performed services in connection with the renovation project from beginning to end. This evidence was sufficient to raise a triable issue of fact with respect to the nature and extent of A & G's and Ward's participation in the project. Moreover, these defendants presented no proof regarding whether they were involved in the manner in which the work was performed or whether they were contractually responsible for worker safety. Therefore, A & G and Ward have not established their entitlement to judgment as a matter of law, and we have modified the Supreme Court's order accordingly. Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.