■ DOMINICK ROMANO et al., Appellants, v HOTEL CARLYLE OWNERS CORPORATION, Defendant and Third-Party Plaintiff-Respondent. HUDSON SHATZ PAINTING Co., INC., Third-Party Defendant-Respondent. [641 NYS2d 50] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Golden, J.), dated June 19, 1995, which denied their motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed, with one bill of costs.

Because the evidence establishes that the scaffold from which the plaintiff fell did not move, collapse, or otherwise fail to perform its function of supporting the plaintiff and his materials (*see, Whalen v Sciame Constr. Co.,* 198 AD2d 501, 502; *Dennis v Beltrone Constr. Co.,* 195 AD2d 688; *Hartley v Spartan Concrete,* 172 AD2d 586), the issue of whether the device provided proper protection within the meaning of Labor Law § 240 (1) is a question of fact for the jury (*see, e.g., Eckhoff v Consolidated Edison Co.,* 214 AD2d 698).

Moreover, a plaintiff cannot prevail on a motion for summary judgment on the issue of liability under Labor Law § 240 (1) if there is any view of the evidence which would permit a finding that the defendant's violation of that provision might *not* have been a proximate cause of the plaintiff's accident (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524; *Duda v Rouse Constr. Corp.,* 32 NY2d 405, 410; *Zeitner v Herbmax Sharon Assocs.,* 194 AD2d 414; *Golaszewski v Cadman Plaza N.,* 136 AD2d 596). In the matter at bar, a question of fact has been raised by the defendant third-party plaintiff's Security Report (*see, e.g., Bernal v City of New York,* 217 AD2d 568; *Richardson v Matarese,* 206 AD2d 353; *see also, Vencebi v Waldorf Astoria Hotel Corp.,* 143 AD2d 1004). Mangano, P. J., Miller, Altman and Friedmann, JJ., concur.