■ COSTAS XIRAKIS et al., Appellants, v 1115 FIFTH AVENUE CORPORATION et al., Respondents. (And Two Third-Party Actions.) [641 NYS2d 45] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), dated February 28, 1995, as (1) denied that branch of their motion which was for partial summary judgment on the issue of liability under Labor Law § 240 (1), (2) granted the defendants' respective cross motions for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action, and (3) granted the defendant Charles Heilbronn's cross motion for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the branch of the cross motion by the defendant J.C. Construction Management, Inc., which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action, and substituting therefor a provision denying that branch of the cross motion by the defendant J.C. Construction Management, Inc.; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The plaintiff Costas Xirakis was injured while performing renovation work in a cooperative apartment. The defendant Charles Heilbronn was the proprietary lessee/shareholder of this cooperative apartment, which was in the cooperative apartment building owned by the defendant 1115 Fifth Avenue Corporation. The defendant J.C. Construction Management, Inc. (hereinafter JCCMI), was the general contractor employed by Heilbronn to perform the renovation work.

The plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) was properly denied. The injured plaintiff gave two different versions of how the accident occurred, which raises questions of fact as to his credibility (*see, Groves v Land's End Hous. Co.,* 80 NY2d 978; *Miller v Long Is. Light. Co.,* 166 AD2d 564; *Donohue v Elite Assocs.,* 159 AD2d 605). At one point the injured plaintiff stated that he was injured when a leg of the ladder upon which he was standing broke, causing him to fall. These facts establish a prima facie case under Labor Law § 240 (1) (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Mackey v Beacon City School Dist.,* 216 AD2d 534; *Kinsler v Lu-Four Assocs.,* 215 AD2d 631; *Lopez v 36-2nd J Corp.,* 211 AD2d 667; *Bryan v City of New York,* 206 AD2d 448). However, on another occasion, he stated that he was injured when he lost his balance and fell off the ladder. Under this set of circumstances, there is a question of fact as to whether the ladder provided "proper protection" (*see, Gange v Tilles Inv. Co.,* 220 AD2d 556; *Vessio v Ador Converting & Biasing,* 215 AD2d 305).

Furthermore, the Supreme Court properly determined that the defendant Charles Heilbronn came under the exception contained in Labor Law § 240 (1) for the "owners of one and two-family *dwellings* who contract for but do not direct or control the work" (emphasis added). There is no indication that the term "dwelling" was meant to be limited to a "house". Furthermore, the purpose of the statutory exemption was to

protect those owners "who are not in a position to know about, or provide for the responsibilities of absolute liability" (*Cannon v Putnam,* 76 NY2d 644, 649, quoting Recommendation of NY Law Rev Commn, reprinted in 1980 McKinney's Session Laws of NY, at 1658). Given the purpose of the statutory exemption, there is no reason why the term "dwelling" should only apply to a "house" and should not extend to a single-family apartment unit.

The Labor Law § 200 and common-law negligence causes of action were also properly dismissed as against the defendants Heilbronn and 1115 Fifth Avenue Corporation, as the plaintiffs failed to rebut these defendants' prima facie showing that they did not direct or control the work (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Lombardi v Stout,* 80 NY2d 290; *Simms v City of New York,* 221 AD2d 332).

However, JCCMI did not make a prima facie showing that it did not direct or control the work. Therefore, JCCMI should not have been granted summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action as asserted against it (*see, Lynch v City of New York,* 209 AD2d 590; *Prado v Bowne & Sons,* 207 AD2d 875). Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.