(January 26, 1998)

■ CARLOS ALAVA et al., Respondents, v CITY OF NEW YORK et al., Defendants, P. J. CARLIN CONSTRUCTION COMPANY et al., Appellants, and MORSE DIESEL, INC., Defendant and Fifth-Party Plaintiff-Appellant. L & L PAINTING CO., INC., Fifth-Party Defendant-Appellant. [668 NYS2d 624] —In an action to recover damages for personal injuries, etc., (1) the defendants P. J. Carlin Construction Company, Carlin-Atlas Holding Co., Inc., and Carlin Construction and Development Corp. appeal, as limited by their brief, from (a) so much of an order of the Supreme Court, Queens County (Lerner, J.), dated May 9, 1996, as granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and (b) so much of an order of the same court, dated October 24, 1996, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, (2) the defendant fifth-party plaintiff Morse Diesel, Inc., appeals, as limited by its brief, from (a) so much of the order dated May 9, 1996, as granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and (b) so much of the order dated October 24, 1996, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (3) the fifth-party defendant L & L Painting Co., Inc., appeals, as limited by its brief, from so much of the order dated May 9, 1996, as granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order dated May 9, 1996, is modified, on the law, by deleting the provision thereof which granted the plaintiffs' motion for summary judgment on the issue of li-

ability and substituting therefor a provision denying the plaintiffs' motion; as so modified, the order is otherwise affirmed; and it is further,

Ordered that the order dated October 24, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiff Carlos Alava, a painting foreman employed by the fifth-party defendant L & L Painting Co., Inc., sustained personal injuries when he allegedly fell from a scaffold. The plaintiffs subsequently commenced this action, claiming that the defendants had violated Labor Law § 240 (1), which requires property owners and contractors to furnish, or cause to be furnished, safety devices, such as scaffolds, which are "so constructed, placed and operated as to give proper protection" to workers (Labor Law § 240 [1]).

We agree with the appellants' contention that the Supreme Court erred in awarding the plaintiffs summary judgment on their Labor Law § 240 (1) cause of action. In order to prevail upon such a cause of action a plaintiff must establish that the statute was violated, and that the violation was a proximate cause of his injuries (*see, Bland v Manocherian*, 66 NY2d 452; *Skalko v Marshall's Inc.*, 229 AD2d 569). However, a fall from a scaffold does not establish, in and of itself, that proper protection was not provided (*see, Basmas v J.B.J. Energy Corp.*, 232 AD2d 594; *Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853), and the issue of whether a particular safety device provided proper protection is generally a question of fact for the jury (*see, Skalko v Marshall's Inc., supra; Miller v Long Is. Light. Co.*, 166 AD2d 564). Here, the inconsistent versions of the happening of the accident given by the injured plaintiff at his examination before trial and in an affidavit raise an issue of fact as to his credibility and are thus insufficient to prove, as a matter of law, that the subject scaffold failed to provide proper protection (*see, Doo Won Choi v B.H.N.V. Realty Corp.*, 240 AD2d 619; *Xirakis v 1115 Fifth Ave. Corp.*, 226 AD2d 452). Accordingly, the plaintiffs' motion for summary judgment must be denied. Copertino, J. P., Friedmann, Krausman and Goldstein, JJ., concur.