■ WILLIAM NELSON, Appellant, v CIBA-GEIGY et al., Respondents. (And a Third-Party Action.) [702 NYS2d 373] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the

Supreme Court, Rockland County (Weiner, J.), dated October 7, 1998, as denied his motion for partial summary judgment on his cause of action under Labor Law § 240 (1) and granted that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action.

Ordered that the order is modified by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the plaintiff's cause of action under Labor Law § 240 (1) and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was injured when he allegedly fell as he was transferring fireproofing material from one tractor-trailer truck to another. The plaintiff was working on an elevated platform constructed of wooden planking which bridged the gap between the tailgates of the two trailers. The plaintiff subsequently commenced this action claiming, *inter alia*, that the defendants violated Labor Law § 240 (1).

We agree with the plaintiff's contention that the court erred in dismissing his cause of action under Labor Law § 240 (1). This statute applies where there are " 'risks related to elevation differentials' " (*Gordon v Eastern Ry. Supply,* 82 NY2d 555, 561, quoting *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). Such risks, though, "are limited to such specific gravity-related accidents as falling from a height" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501). While not every elevation related hazard is sufficient to state a cause of action under Labor Law § 240, here the plaintiff allegedly fell as he was walking across the elevated platform while transporting materials from one tractor-trailer truck to another. This type of activity is a "special hazard" contemplated by the statute (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501). Therefore, the plaintiff stated a cause of action under Labor Law § 240 (1) (*see, Curley v Gateway Communications,* 250 AD2d 888; *Orr v Christa Constr.,* 206 AD2d 881; *Cox v LaBarge Bros. Co.,* 154 AD2d 947; *Gjertsen v Mawson & Mawson,* 135 AD2d 779).

To prevail upon such a cause of action, a plaintiff must show that he was not afforded the proper protection and that the absence of that protection was the proximate cause of his injuries (*see, Alava v City of New York,* 246 AD2d 614, 615). "[T]he mere fact that [the plaintiff] fell off the scaffolding surface is insufficient, in and of itself to establish that the device did not provide proper protection" (*Beesimer v Albany*

*Ave. / Rte. 9 Realty*, 216 AD2d 853, 854; *see also, Alava v City of New York, supra,* at 615). Whether the device provided proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his materials (*see, Romano v Hotel Carlyle Owners Corp.,* 226 AD2d 441; *Basmas v J.B.J. Energy Corp.,* 232 AD2d 594). Here, inconsistent versions of how the accident occurred raise a question of fact as to the credibility of the plaintiff, and are insufficient to prove, as a matter of law, that the defendants' failure to provide the plaintiff with proper protection proximately caused his injuries (*see, Alava v City of New York, supra,* at 615; *Doo Won Choi v B.H.N.V. Realty Corp.,* 240 AD2d 619; *Xirakis v 1115 Fifth Ave. Corp.,* 226 AD2d 452, 453). Thus, the plaintiff is not entitled to summary judgment on his cause of action under Labor Law § 240 (1). Bracken, J. P., Santucci, Thompson and S. Miller, JJ., concur.