■ ANTONIO GARIERI et al., Appellants, v BROADWAY PLAZA et al., Respondents. [707 NYS2d 333] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered June 21, 1999, which denied their motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed, with costs payable to the respondent Broadway Plaza.

It is well settled that where a scaffold from which a plaintiff falls does not "move, collapse, or otherwise fail to perform its function of supporting the plaintiff and [his or her] materials * * * the issue of whether the device provided proper protection within the meaning of Labor Law § 240 (1) is a question of fact for the jury" (*Romano v Hotel Carlyle Owners Corp.,* 226 AD2d 441, 442; *see, Nelson v Ciba-Geigy,* 268 AD2d 570; *Eckhoff v Consolidated Edison Co.,* 214 AD2d 698; *Barbuzano v Rem Gen. Constr.,* 202 AD2d 462). Here, the court properly denied the plaintiffs' motion for partial summary judgment, as questions of fact remain as to how the accident occurred (*see, Nelson v Ciba-Geigy, supra; Alava v City of New York,* 246 AD2d 614; *Doo Won Choi v B.H.N.V. Realty Corp.,* 240 AD2d 619; *Xirakis v 1115 Fifth Ave. Corp.,* 226 AD2d 452). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.