■ SALVATORE TRANCHINA et al., Respondents, v SISTERS OF CHARITY HEALTH CARE SYSTEM NURSING HOME, INC. et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. JBL/TACOMA JOINT VENTURE, Third-Party Defendant-Appellant-Respondent. [742 NYS2d 655] —In an action to recover damages for personal injuries, etc., the third-party and second third-party defendant, JBL/Tacoma Joint Venture, appeals from (1) stated portions of an order of the Supreme Court, Kings County (Levine, J.), dated September 11, 2000, which, in effect, inter alia, denied that branch of its motion which was pursuant to CPLR 4404 to set aside a jury verdict in favor of the plaintiffs on the issue of damages, and (2) a judgment of the same court, dated February 6, 2001, which, upon (a) the order dated September 11, 2000, (b) an order of the same court (R. Goldberg, J.), dated May 28, 1999, granting the plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and conditionally granting those branches of the defendants' separate motions which were for contractual and common-law indemnification against it, and (c) a jury verdict on the issue of damages finding that the plaintiff Salvatore Tranchina sustained damages of $800,000 for past pain and suffering, $1,000,000 for future pain and suffering, $200,000 for past lost wages, and $12,000 for future medical expenses, and that the plaintiff Maria Tranchina sustained damages of $250,000 for

loss of services, is in favor of the plaintiffs and against the defendants, and adjudged that it shall indemnify the defendants for all of the sums due and owing to the plaintiffs; the defendants cross-appeal from stated portions of the same judgment.

Ordered that the appeal from the order dated September 11, 2000, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, the facts, and as an exercise of discretion, the plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) is denied, that branch of the motion of the third-party and second third-party defendant which was pursuant to CPLR 4404 to set aside the jury verdict in favor of the plaintiffs is granted, the orders dated May 28, 1999, and September 11, 2000, are modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of liability pursuant to Labor Law § 240 (1) and, if liability is found, a new trial on the issue of damages, with costs to abide the event.

The appeal from the intermediate order dated September 11, 2000, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On July 27, 1992, the plaintiff Salvatore Tranchina (hereinafter the injured plaintiff) was performing construction work at premises owned by the defendant Sisters of Charity Health Care System Nursing Home, Inc. (hereinafter Sisters of Charity). The injured plaintiff was standing on an outrigger platform using a concrete vibrator to even out concrete that had been poured for the foundation of the building under construction. The outrigger platform was between 10 and 12 feet above the ground. While performing this work, he fell backward off of the scaffold, allegedly sustaining injuries. The injured plaintiff did not know how the accident occurred, and he did not feel or hear any movement of the platform before he fell. It is undisputed that the outrigger platform was not equipped with railings.

The injured plaintiff and his wife, the plaintiff Maria Tranchina, commenced this action against Sisters of Charity, and the construction manager Barr & Barr, Inc. (hereinafter Barr & Barr), to recover damages for the injuries he allegedly

sustained in the fall. Third-party and second third-party actions were brought against the injured plaintiff's employer, subcontractor JBL/Tacoma Joint Venture (hereinafter Joint Venture) for common-law and contractual indemnification.

The Supreme Court erred in granting the plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Since the scaffold or platform from which the injured plaintiff fell did not "move, collapse, or otherwise fail to perform its function of supporting the plaintiff," whether it provided proper protection within the meaning of Labor Law § 240 (1) was a question of fact for the jury (*Romano v Hotel Carlyle Owners Corp.,* 226 AD2d 441, 442; *see Plass v Solotoff,* 283 AD2d 474).

The Supreme Court also erred in denying that branch of Joint Venture's motion which was pursuant to CPLR 4404 to set aside the jury verdict in favor of the plaintiffs. The jury determination of the plaintiffs' damages deviates materially from what would be reasonable compensation, and we exercise our discretion to order a new trial on damages if liability is found under Labor Law § 240 (1) (*see* CPLR 5501 [c]; *Rubinfeld v City of New York,* 263 AD2d 448, 450; *Rodriguez v City of New York,* 189 AD2d 166, 180).

Conditional summary judgment was properly granted in favor of the owner, Sisters of Charity, and the construction manager, Barr & Barr, on the issue of common-law and contractual indemnification as Joint Venture failed to show that its liability was anything but vicarious (*see Werner v East Meadow Union Free School Dist.,* 245 AD2d 367, 369).

The defendants' remaining contentions are without merit. Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.