■ Miriam Negrete, Appellant, v Emilio Hernandez et al., Respondents. [768 NYS2d 231]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Peck, J.), dated February 14, 2003, as granted the separate motions of the defendant Emilio Hernandez and the defendants Geraldo R. Juarez and Eduarda Alves for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and as denied her cross motion for summary judgment on the issue of liability against the defendant Emilio Hernandez.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiff payable by the defendant Emilio Hernandez, the motions are denied, the cross motion is granted, and the complaint is reinstated insofar as asserted against the defendant Emilio Hernandez.

The defendant Emilio Hernandez and the defendants Geraldo R. Juarez and Eduarda Alves separately moved for summary judgment dismissing the complaint insofar as asserted against them contending that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). They met their initial burden of establishing entitlement to judgment as a matter of law (see Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). However, in opposition to the motions, the plaintiff submitted the affirmation and affirmed medical report of an orthopedic surgeon who stated that he had read the plaintiff's magnetic resonance imaging films and agreed that they revealed bulging cervical discs at multiple levels, and that "[w]ith both disc and nerve involvement, exhibits a painful functional restriction of motion by more than 15% with spasm and guarding." The medical expert further concluded that the cervical injuries were related to the subject motor vehicle accident and should be considered permanent. The plaintiff's evidence raised a triable issue of fact as to the existence of a serious injury,

which is for the jury to determine (*see Puma v|Player,* 233 AD2d 308 [1996]).

The record contains undisputed evidence that the collision was proximately caused by the defendant Hernandez's failure to stop his motor vehicle at a stop sign before entering the subject intersection, in violation of Vehicle and Traffic Law § 1172. Therefore, the plaintiff's cross motion for summary judgment on the issue of liability against that defendant should have been granted. Santucci, J.P., Goldstein, Schmidt and Cozier, JJ., concur.