■ SIMON REBORCHICK et al., Appellants-Respondents, v BROADWAY MALL PROPERTIES, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, and J.C. PENNEY CO., INC., Defendant. BAYSIDE FENCING COMPANY, Third-Party Defendant-Respondent-Appellant. [781 NYS2d 899]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated March 20, 2003, as denied that branch of their motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) insofar as asserted against the defendants Broadway Mall Properties, Inc., and Bovis Lend Lease LMB, Inc., sued herein as Lehrer, McGovern, Bovis, Inc., and the third-party and second third-party defendant Bayside Fencing Company separately appeals, as limited by its brief, from so much of the same order as granted those branches of the separate cross motions of the defendant second third-party plaintiff Broadway Mall Properties, Inc., and the defendant third-party plaintiff Bovis Lend Lease LMB, Inc., sued herein as Lehrer, McGovern, Bovis, Inc., which were for summary judgment on their third-party causes of action for contractual indemnification against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendant third-party plaintiff-respondent and the defendant second third-party plaintiff-respondent payable by the plaintiffs-appellants and the third-party and second third-party defendant-respondent-appellant appearing separately and filing separate briefs.

The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1). "[T]he mere fact that [the plaintiff] fell off the scaffolding surface is insuf-

ficient, in and of itself, to establish that the device did not provide proper protection" (*Beesimer v Albany Ave./Rte. 9 Realty,* 216 AD2d 853, 854 [1995]; *see Nelson v Ciba-Geigy,* 268 AD2d 570, 571-572 [2000]; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 289 n 8 [2003]). Where the inconsistent versions of how the accident occurred raise a question of fact as to the credibility of the injured plaintiff, they were insufficient to prove, as a matter of law, that the defendants' failure to provide the injured plaintiff with proper protection proximately caused his injuries (*see Alava v City of New York,* 246 AD2d 614 [1998]). The plaintiffs' remaining causes of action are not raised on appeal and are not before this Court.

Contrary to the contention of Bayside Fencing Company (hereinafter Bayside), the Supreme Court properly granted Broadway Mall Properties, Inc. (hereinafter Broadway), and Bovis Lend Lease LMB, Inc., sued herein as Lehrer, McGovern, Bovis, Inc. (hereinafter Bovis), summary judgment on their third-party causes of action for contractual indemnification against Bayside. The contractual indemnification clauses in Broadway and Bovis's construction contracts were not void (*see Dutton v Pankow Bldrs.,* 296 AD2d 321, 322 [2002]; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786, 795 [1997]). Broadway and Bovis established, prima facie, that they were not negligent (*see Lazzaro v MJM Indus.,* 288 AD2d 440 [2001]; *Doyne v Barry, Bette & Led Duke,* 246 AD2d 756 [1998]; *Sprague v Peckham Materials Corp.,* 240 AD2d 392 [1997]). In opposition, Bayside failed to submit sufficient evidence to raise a triable issue of fact which would preclude the granting of summary judgment to Broadway and Bovis on their contractual indemnification claims against it. Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.