JOSE HILARIO DURAN, Appellant, v KIJAK FAMILY PARTNERS, L.P., et al., Respondents. [883 NYS2d 226]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered July 14, 2008, which granted the defendants' cross motion for summary judgment dismissing the complaint and, in effect, denied the plaintiff's motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Kijak Family Partners, L.P., and Joseph Kijak, and substituting therefor provisions denying those branches of the defendants' cross motion; as so modified, the order is affirmed, without costs or disbursements.

On July 24, 2006, the plaintiff was working on the roof of a greenhouse when he allegedly fell through the roof, sustaining injuries. He received workers' compensation benefits as a result of his accident. The plaintiff commenced this action against defendant Kijak Family Partners, L.P. (hereinafter KFP), which owned the premises where the accident occurred, and the individual defendants, who were the general partners thereof. The defendants Patricia Kijak Anderson, Barbara Kijak Miller, and Joseph Kijak, Jr., also were shareholders in Green Valley Landscape Design, Inc. (hereinafter Green Valley), the plaintiff's employer. The plaintiff moved for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1). The defendants cross-moved for summary judgment dismissing the complaint.

The evidence did not establish that the defendant Joseph Kijak, who was a general partner of KFP, also was a shareholder, officer, or employee of Green Valley. Inasmuch as KFP failed to establish that each of its partners also was a shareholder, officer, or employee of Green Valley, that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against KFP, based on the exclusivity provisions of the Workers' Compensation Law, should have been denied (*see Blumberg v Ten Wash. Realty Assoc.*, 262 AD2d 592, 592-593 [1999]; *Lindner v Kew Realty Co.*, 113 AD2d 36, 45 [1985]; *see also McFarlane v Chera*, 211 AD2d 764, 765 [1995]; *cf. Kupke v Mullane*, 215 AD2d 531 [1995]). Similarly, because Joseph Kijak was not a shareholder, officer, or employee of Green Valley, there is no basis for a determination that the action against him individually should be barred under the exclusivity provisions of the Workers' Compensation Law. As to the defendants Patricia Kijak Anderson, Barbara Kijak Miller, and Joseph Kijak, Jr., in light of their status as shareholders in Green Valley, the plaintiff's action insofar as asserted against them is barred by the exclusivity provisions of the Workers' Compensation Law (*cf. Lovario v Vuotto*, 266 AD2d 191 [1999]; *McFarlane v Chera*, 211 AD2d at 764; *Lindner v Kew Realty Co.*, 113 AD2d at 46).

The Supreme Court properly, in effect, denied the plaintiff's motion for summary judgment on the issue of liability in connection with so much of the complaint as alleged a violation of Labor Law § 240 (1). The mere fact that the plaintiff fell is insufficient to establish, as a matter of law, that the plywood planks upon which he was directed to stand when performing his work and on which he was to move when on the roof did not provide proper protection (see Reborchick v Broadway Mall Props., Inc., 10 AD3d 713, 713-714 [2004]; Nelson v Ciba-Geigy, 268 AD2d 570, 571-572 [2000]). "Whether the device provided proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his materials" (Nelson v Ciba-Geigy, 268 AD2d at 572). Also, "[w]here the inconsistent versions of how the accident occurred raise a question of fact as to the credibility of the injured plaintiff, they [are] insufficient to prove, as a matter of law, that the defendants' failure to provide the injured plaintiff with proper protection proximately caused his injuries" (Reborchick v Broadway Mall Props., Inc., 10 AD3d at 714). Here, while the plaintiff testified at his deposition that he fell when a board or plank upon which he was standing broke, the individual acting as his supervisor testified that the plaintiff fell in an area between two planks of wood and that, after the accident, he did not observe any wood missing or broken, but rather, only "saw the hole in the roof, nothing fell down, it was just the fiberglass" which was between the planks of wood. Thus, the Supreme Court properly, in effect, denied the plaintiff's motion.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.