# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

350

CA 13-01663

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

CARLETTA SIMS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CITY OF ROCHESTER, DEFENDANT-RESPONDENT.

---

PARISI & BELLAVIA, LLP, ROCHESTER (TIMOTHY C. BELLAVIA OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, ROCHESTER (SCOTT P. ROGOFF OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered July 2, 2013. The order denied the motion of plaintiff for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries she allegedly sustained while performing asbestos abatement work during a construction project at Midtown Plaza, which is owned by defendant. According to plaintiff, she was scraping asbestos from the ceiling while standing on a free-standing scaffold when the scaffold shifted and she fell to the ground, thereby sustaining injuries. We conclude that Supreme Court properly denied plaintiff's motion for partial summary judgment on the issue of liability with respect to the Labor Law § 240 (1) claim.

"To be entitled to a judgment on liability for a violation of section 240 (1) of the Labor Law, [a] plaintiff [is] required to prove, as a matter of law, not only a violation of the section, but also that the violation was a proximate cause of his [or her] injuries" (*Rossi v Main-South Hotel Assoc*., 168 AD2d 964, 964; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287), and it is well settled that "an accident alone does not establish a [section] 240 (1) violation or causation" (*Blake*, 1 NY3d at 289). Here, we conclude that plaintiff failed to meet her initial burden on the motion inasmuch as "inconsistent versions of how the accident occurred raise a question of fact as to the credibility of the plaintiff, and are insufficient to prove, as a matter of law, that the defendant['s alleged] failure to provide the plaintiff with proper protection proximately caused [her] injuries" (*Nelson v Ciba-Geigy*,

268 AD2d 570, 572; *see Reborchick v Broadway Mall Props., Inc.*, 10 AD3d 713, 714; *Alava v City of New York*, 246 AD2d 614, 615).  Although plaintiff claimed in her deposition and in an affidavit that she was working on a scaffold when it shifted, thereby causing her to fall to the ground, she also submitted the affidavits of two coworkers who averred that plaintiff was not on the scaffold when the accident occurred.  According to the coworkers, both of whom witnessed the accident, plaintiff was working on the ground level cleaning debris from the floor when the unoccupied scaffold tipped over and fell while one of the coworkers was attempting to move it to another location. The coworker who was moving the scaffold did not see the scaffold fall on plaintiff or otherwise come into contact with her, although plaintiff later told him that the scaffold had hit her arm and hand. The other coworker averred that he had observed one of plaintiff's coworkers push her out of the way of the falling scaffold and that plaintiff then fell to the ground. He did not see the scaffold fall on or otherwise strike plaintiff.  Plaintiff's failure to eliminate all questions of fact mandates the denial of her motion, regardless of the sufficiency of defendant's opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court