■ GAIL R. WEINSTEIN, Appellant, v CATINO NICOLOSI et al., Respondents. [986 NYS2d 527]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated August 9, 2012, as, upon reargument, adhered to a prior determination in an order of the same court dated March 12, 2012, denying her motion for summary judgment on the issue of liability.

Ordered that the order dated August 9, 2012, is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated March 12, 2012, is vacated, and the plaintiff's motion for summary judgment on the issue of liability is granted.

On October 19, 2003, at around 11:00 a.m., the plaintiff was driving a vehicle on Greeley Avenue in clear sunny weather at a maximum speed of 15 miles per hour, when a vehicle driven by the defendants' decedent collided with the passenger side of the plaintiff's vehicle at the intersection of Greeley and Boundary Avenues. According to the plaintiff, there was a stop sign at the intersection controlling traffic traveling along Boundary Avenue into the intersection.

When the plaintiff exited her vehicle, she called the 911 emergency telephone number upon noticing that the defendants' decedent was unconscious. The police report stated that a "preliminary investigation" indicated that the defendants' decedent "suffered a medical condition and lost consciousness while driving." At the hospital, the defendants' decedent said he remembered nothing of the accident. The defendants' decedent died more than three years after the accident of unrelated causes.

The plaintiff commenced this personal injury action and thereafter moved for summary judgment on the issue of liability, asserting that the decedent failed to stop for a stop sign. She further alleged that the decedent did not sound his horn or apply his brakes. The decedent's attorney, in opposition, claimed that the decedent proceeded into the intersection because he was unconscious at the wheel. The Supreme Court denied the plaintiff's motion, and the Supreme Court adhered to that determination upon reargument.

The plaintiff established her entitlement to judgment as a

matter of law, since she had the right to assume that the decedent would obey the mandate of the stop sign, stop at the intersection, and not proceed until he could do so safely (*see Negrete v Hernandez*, 2 AD3d 511 [2003]; *Kasna v Rodriguez*, 84 AD2d 782 [1981]), and she established that she was free from comparative fault (*see Burnett v Reisenauer*, 107 AD3d 656 [2013]; *cf. Wilson v Trolio*, 30 AD3d 255 [2006]). At issue here is whether there is sufficient evidence in the record to raise a triable issue of fact as to whether the decedent was confronted with an emergency not of his own making—loss of consciousness prior to the accident—which absolved him of liability (*see Ficorilli v Thomsen*, 262 AD2d 602 [1999]; *Abish v Cetta*, 155 AD2d 495 [1989]). The hearsay statements in the police report indicate that this was the case. However, "[w]hile hearsay statements may be used to oppose a summary judgment motion, such evidence is insufficient to warrant a denial of the motion where it is the only evidence submitted in opposition" (*Rivera v GT Acquisition 1 Corp.*, 72 AD3d 525, 526 [2010]). In this case, the only evidence that the decedent lost consciousness prior to the accident was hearsay.

We further note that the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76, 80-81 [1948]), is not applicable to the facts of this case, since the plaintiff's knowledge of the cause of the accident is no greater than the defendants' knowledge of the cause of the accident (*see Yefet v Shalmoni*, 81 AD3d 637 [2011]).

Since the plaintiff established her entitlement to judgment as a matter of law on the issue of liability, and the defendants failed to raise a triable issue of fact, the plaintiff's motion for summary judgment on the issue of liability must be granted. Eng, P.J., Miller, Hinds-Radix and Maltese, JJ., concur.