# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1243**
**CA 15-00750**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

GARY MILITELLO, PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

LANDSMAN DEVELOPMENT CORP., DEFENDANT-APPELLANT.

---

GOLDBERG SEGALLA, LLP, ROCHESTER (CAROL R. FINOCCHIO OF COUNSEL), FOR DEFENDANT-APPELLANT.

GALLO & IACOVANGELO, LLP, ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered February 11, 2015.  The order, insofar as appealed from, granted the motion of plaintiff for partial summary judgment on liability pursuant to Labor Law § 240 (1) and denied that part of the cross motion of defendant seeking summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion, and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this Labor Law action seeking damages for injuries he sustained while working on a mobile scaffold. At the time of the accident, plaintiff was standing on the scaffold installing metal studs, hanging drywall, and applying insulation in a building owned by defendant and being renovated by plaintiff's employer, the general contractor.  Just prior to the accident, plaintiff was on the scaffold with a screw gun to attach sheets of drywall.  According to plaintiff, he pushed forward on the wall to apply a screw, whereupon the scaffold "skidded forward" toward the wall, he lost his balance, and then he fell backwards onto a "riser" of the scaffold that impaled him through the left buttock.  Plaintiff was then hanging from the riser while his feet, which did not touch the floor, dangled off the end of the scaffold.  Plaintiff never fell to the ground.  Plaintiff moved for partial summary judgment on the issue of liability with respect to his Labor Law § 240 (1) cause of action.  Defendant cross-moved for summary judgment dismissing the complaint, and plaintiff's attorney advised Supreme Court that plaintiff would not oppose the dismissal of his causes of action pursuant to Labor Law §§ 200 and 241 (6).  The court thereafter granted the motion, granted the cross motion with respect to Labor Law §§ 200 and 241 (6), and denied the cross motion with respect to Labor

Law § 240 (1).

Contrary to defendant's initial contention, " 'Labor Law § 240 (1) applies to this accident because it was caused by the failure of a scaffold while plaintiff was working at a height, even though plaintiff did not fall to the ground' " (*Franklin v Dormitory Auth. of State of N.Y.*, 291 AD2d 854, 854). We agree with defendant, however, that the court erred in granting the motion, and we therefore modify the order accordingly. Plaintiff's own submissions raised triable "[i]ssues of fact . . . whether the scaffold from which [plaintiff] fell provided proper protection and whether [plaintiff's] failure to lock the wheels underneath the scaffold was the [sole] proximate cause of the accident" (*Erdman v Dell*, 50 AD3d 627, 628). Furthermore, "[t]he divergent accounts of the accident set forth in plaintiff's papers create triable issues of fact concerning the manner in which the accident occurred" (*Salotti v Wellco, Inc.*, 273 AD2d 862, 862-863; see *Sims v City of Rochester*, 115 AD3d 1355, 1356). Although plaintiff stated in response to interrogatories that the scaffold "suddenly and without warning" skidded when he was applying a screw to the wall—a statement that is not inconsistent with his deposition testimony—his coworker testified that plaintiff told him after the accident that he was moving the scaffold before he lost his balance and fell on the riser. "The two different versions of the accident . . . create questions of fact as to the adequacy of the protective device and as to [plaintiff's] credibility," thereby precluding summary judgment (*Castronovo v Doe*, 274 AD2d 442, 443).

Contrary to defendant's further contention, the court properly denied that part of its cross motion seeking to dismiss the cause of action pursuant to Labor Law § 240 (1). Defendant's submissions on the cross motion did not establish as a matter of law that plaintiff's actions were "the sole proximate cause of [plaintiff's] injuries" (*Wonderling v CSX Transp., Inc.*, 34 AD3d 1244, 1245-1246).

Entered:  November 20, 2015                    Frances E. Cafarell
                                                Clerk of the Court