Ragusin v Gabrielli (2020 NY Slip Op 07411)





Ragusin v Gabrielli


2020 NY Slip Op 07411


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2018-13149
 (Index No. 600425/17)

[*1]Jennifer A. Ragusin, appellant,
v
Robert Gabrielli, et al., respondents.


Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
O'Connor Redd Orlando LLP, Port Chester, NY (Amy Lynn Fenno of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered September 20, 2018. The order granted the defendants' motion, inter alia, for summary judgment dismissing the complaint, and denied, as academic, the plaintiff's cross motion for relief pursuant to CPLR 306-b.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell on property occupied by the dental practice for which she worked. The plaintiff was thereafter awarded workers' compensation benefits for injuries arising from the accident. The plaintiff subsequently commenced the instant personal injury action against the defendants, alleging that they owned, and failed to maintain, the subject property.
The defendants moved, inter alia, for summary judgment dismissing the complaint, asserting, among other things, that the plaintiff's action was barred by the exclusivity provision of the Workers' Compensation Law (see Workers' Compensation Law § 29[6]). The plaintiff cross-moved for relief pursuant to CPLR 306-b. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion as academic. The plaintiff appeals.
The defendants established, prima facie, that they were officers and shareholders in the professional corporation that employed the plaintiff, and thus, that the plaintiff's complaint against them was barred by the exclusivity provisions of the Workers' Compensation Law (see Duran v Kijak Family Partners, L.P., 63 AD3d 992, 993). Contrary to the plaintiff's contention, she did not demonstrate that the defendants' motion was premature, as she failed to provide the necessary basis to support the proposition that further discovery might lead to relevant evidence (see CPLR 3212[f]; Brewster v Five Towns Health Care Realty Corp., 59 AD3d 483, 484).
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court