## Zukowski v New York City Hous. Auth.

2026 NY Slip Op 30649(U)

February 18, 2026

Supreme Court, Kings County

Docket Number: Index No. 517399/2021

Judge: Lisa S. Ottley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS – PART 24

-------------------------------------------------------------------x

MARIUSZ ZUKOWSKI,                                    Mot. Seq. #s 7 and 8

                     Plaintiff,                Index # 517399/2021

              -against-                  **DECISION AND ORDER**

NEW YORK CITY HOUSING AUTHORITY and HOPE
GARDENS 1 LLC,
                Defendants.
-------------------------------------------------------------------x

NEW YORK CITY HOUSING AUTHORITY,

             Third Party-Plaintiff,

             -against-

PROCIDA-BUTZ, JOINT VENTURE,

             Third Party-Defendant.
-------------------------------------------------------------------x

HOPE GARDENS 1 LLC,

            Second Third-Party-Plaintiff,

             -against-

ALVIN H. BUTZ, INC., PROCIDA CONSTRUCTION CORP.
and PROCIDA-BUTZ, J.V.

           Second Third-Party-Defendants.
-------------------------------------------------------------------x

**HON. LISA S. OTTLEY**

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this Notice of
Motion for Summary Judgment and Notice of Cross-motion submitted on May 5, 2025.

| Papers | Numbered |
|---|---|
| Notice of Motion and Affirmation | 1, 2 [Exh. A-J] |
| Notice of Cross-Motion and Affirmation | 3, 4, 5 [Exh. A-C] |
| Reply Affirmations | 7 [Exh. K-L], 8 |

1

Plaintiff, Mariusz Zukowski, moves for summary judgment (Motion Seq. # 7) on the issue of liability pursuant to CPLR § 3212 against defendants on the grounds that Labor Law § 240(1) was violated when defendants failed to provide an adequate safety device from an elevation-related risk. Defendants, New York City Housing Authority and Hope Garden 1 LLC, (hereinafter, "NYCHA", "Hope Gardens," or "the defendants") oppose plaintiff's motion on the grounds the plaintiff has failed to make a prima facie showing and there are issues of fact which preclude summary judgment from being granted as to liability.

Defendants cross-move for summary judgment (Motion Seq. # 8) pursuant to CPLR § 3212, dismissing plaintiff's complaint on the grounds that the plaintiff was a recalcitrant worker. Plaintiff opposes defendants' cross-motion on the grounds that the plaintiff cannot be recalcitrant worker when defendants failed to provide an adequate safety device.

The defendants are the owners of the subject building that hired Procida Construction Corp. as a general contractor to rehabilitate the building, which included upgrading building systems, in-unit construction, updating appliances and interiors, replacement of mechanical systems and exterior upgrades. The plaintiff was employed by Procida as a carpenter and plumber. The Third-Party Action was discontinued by Stipulation of Discontinuance, dated January 9, 2023. The Second Third-Party Action was discontinued by Stipulation of Discontinuance, dated May 1, 2023.

This action arises as a result of an accident which occurred on January 11, 2021, while the plaintiff and a co-worker, Malik Cunningham, were performing demolition work in the boiler room of the building located at 330 Wilson Avenue, Brooklyn, New York. The demolition work in the boiler room included demolishing the ceiling and involved the permanent lighting in the ceiling. The permanent lighting in the ceiling was left up while the ceiling was being demolished and was not deenergized. The plaintiff alleges that Mr. Cunningham was on an eight (8) foot A-frame ladder performing demolition of the ceiling when Mr. Cunningham called out to plaintiff to help because a fluorescent light fixture had fallen. According to the plaintiff, Mr. Cunningham was on the second to last rung of the ladder holding on to the light fixture that had fallen and there were hanging live wires present. Plaintiff then climbed up the ladder Mr. Cunningham was on to pass him a plastic strap he could use to secure the light fixture. When Plaintiff reached the fifth rung of the ladder and Mr. Cunningham bent to grab the strap, the ladder rocked causing Plaintiff, Mr. Cunningham and the ladder to fall.

Discussion

It is well settled that in order to grant summary judgment, it must clearly appear that no material issue of fact has been presented. *See, Grassick v. Hicksville Union Free School District,* 231 A.D.2d 604, 647 N.Y.S.2d 973 (2nd Dept., 1996). " Where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring the trial of the action or tender an acceptable excuse for his failure and submission of a hearsay affirmation by counsel alone does not satisfy this requirement." *See, Zuckerman v. City of New York,* 49 N.Y.2d 557, 427 N.Y.S.2d

2

[* 2]

595 (1980). A motion for summary judgment cannot be defeated by a "shadowy semblance of an issue." *See, Chaplin Associates v. Globe Manufacturing*, 34 N.Y.2d 338, 357 N.Y.S.2d 478 (1974).

Plaintiff argues that he has met his initial burden by establishing that the ladder was an inadequate safety device as it shook and fell causing him to fall to the ground; defendants failed to provide him with any other safety device; and plaintiff's fall from the ladder constituted a violation of labor Law 240(1) that was the proximate cause of his injuries. In support, plaintiff has offered his deposition testimony as well as the deposition testimony of his supervisor, Marjan Iloski, who testified that the ladders shown in the photos of the boiler room all show A-frame ladders and that he does not know if an A-frame ladder was the proper safety device for the demolition of the ceiling. Mr. Iloski confirmed that the workers were not provided with any material to secure the ladders and were not required to wear fall protection arrest systems. Mr. Iloski testified that he believed a baker scaffold could fit in the area upon being shown a photograph of the area where the accident occurred. In further support, plaintiff has offered an affirmation from a construction safety expert, Anthony Corrado, who opined that the ladder was an inadequate safety device for the demolition work plaintiff was performing, and plaintiff was not provided the appropriate safety devices such as a baker scaffold or narrow frame scaffolding that would have allowed the work to have been performed safely. Plaintiff further argues that the ladder was not properly secured or braced and did not adequately protect him from the special elevation-related risk as the evidence demonstrates that the ladder suddenly moved and toppled over from its standing position. The defendants did not make any other safety devices available at the work site to prevent plaintiff from falling from an elevation onto the ground, such as a baker scaffold or narrow frame scaffolding.

In opposition and in support of their cross-motion for summary judgment, defendants argue that plaintiff's motion was not made on the complete record since the deposition of Procida' supervisor, Jeff Keffer, was conducted after plaintiff's motion was filed and plaintiff's motion failed to include the deposition transcript of Mr. Cunningham. The defendants have offered the deposition testimony of Mr. Cunningham, in which he testifies he was not aware of any accident that occurred while working in the boiler room. According to the deposition testimony of Mr. Cunningham, he has been employed by Procida as a laborer since 2019; has worked at 330 Wilson Avenue in Brooklyn, New York and worked in the boiler room; does not know plaintiff; did not recall plaintiff; did not recall working with him in the boiler room; did not recall working with plaintiff on a ladder which tipped over; did not recall working on a ladder to perform demolition of a ceiling; did not recall that a light fixture disengaged or dropped from a ceiling and that he called for plaintiff's help; and the only work that he performed in the boiler room involved cleaning.

In further support, defendants have offered the deposition of Mr. Keffer to demonstrate that the plaintiff as recalcitrant worker, as he failed to obey the instructions of his foreman, Mr. Iloski, concerning the proper use of the ladder. According to Mr. Keffer's testimony and the Procida incident report, plaintiff had been standing on the wrong side of the ladder at the time of the alleged incident; plaintiff and his co-workers had been warned that day about the improper

3

[* 3]

use of the ladder; and Mr. Cunningham told Mr. Keffer that plaintiff had climbed up the wrong side of the ladder and had fallen. According to Mr. Iloski's testimony, Procida ordered new orange ladders for the demolition work in the boiler room; the blue ladder depicted in the photograph marked as Exhibit "A-1" was not one of the new ladders purchased by Procida to perform the work in the boiler room; Mr. Iloski was not in the boiler room at the time of plaintiff's accident, however, he was on site; somebody told Mr. Iloski that plaintiff went up the wrong side of the ladder and fell; Mr. Iloski was also told by someone that both plaintiff and Mr. Cunningham were on the ladder at the same time; and Mr. Iloski identified that Procida Incident report as being prepared by Tanya Wiltshire.

In reply, plaintiff argues that Mr. Cunningham testified that he did not recall anything and gave no relevant testimony. Mr. Cunningham claimed he was not there when this accident occurred despite the testimony of Plaintiff, Mr. Iloski, Mr. Keffer, and the Procida incident report. According to the Procida incident report, plaintiff was on the "do not use" side of the ladder at the time of the accident. However, plaintiff argues that Mr. Iloski testified that he does not know where Tanya Wiltshire got that information. Plaintiff further argues that in order to avail themselves of the recalcitrant worker defense, defendants would have to produce evidence that other adequate safety devices were available at the work site, plaintiff knew they were available and was expected to use them and he unreasonably chose not to do so, and had he not made that choice he would not have been injured.

Pursuant to Labor Law § 240(1), all contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards. *See, Zoto v. 259 W.10th LLC*, 189 A.D.3d 1523, 134 N.Y.S.3d 728 (2nd Dept., 2020). Whether the device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials. *See, Melchor v. Singh*, 90 A.D.3d 866, 935 N.Y.S.3d 106 (2nd Dept., 2011), *citing Duran v. Kijak Family Partners, L.P.*, 63 A.D.3d 992, 883 N.Y.S.2d 226 (2nd Dept., 2009); *Tranchina v. Sisters of Charity Health Care Sys. Nursing Home*, 294 A.D.2d 491, 742 N.Y.S.2d 655 (2nd Dept., 2002); *Garieri v. Broadway Plaza*, 271 A.D.2d 569, 707 N.Y.S.2d 333 (2nd Dept., 200); *Nelson v. Ciba-Geigy*, 268 A.D.2d 570, 702 N.Y.S.2d 373 (2nd Dept., 2000).

In order to prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that there was a violation of the statute, and that the violation was a proximate cause of his injuries. The single decisive question with respect to Labor Law §240(1) is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a

4

significant elevation deferential. *See*, *Runner v. New York Stock Exchange, Inc.*, 13 N.Y.3d 599, 895 N.Y.S.2d 279 (2009).

Although "[a] fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240 (1)," liability will be imposed when the evidence shows "that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries." See, *Melchor v Singh*, 90 A.D.3d 866, 935 N.Y.S.2d 106 (2nd Dept., 2011).

A plaintiff is the sole proximate cause of his or her own injuries when, acting as a recalcitrant worker, he or she misuses an otherwise proper safety device, chooses to use an inadequate safety device when proper devices were readily available, or fails to use any device when proper devices were available. See, *Garcia v. Fed LI, LLC*, *supra*; *Amaro v. New York City School Construction Authority*, 229 A.D.3d 746, 216 N.Y.S.3d 194 (2nd Dept., 2024).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on his Labor Law § 240(1) cause of action by submitting evidence which demonstrated that he fell from an unsecured A-frame ladder when it moved to the side, and that failure to secure the ladder proximately caused his injuries. See, *Canas v Harbour at Blue Point Home Owners Assn., Inc.*, 99 A.D.3d 962, 953 N.Y.S.2d 150 (2nd Dept., 2012). The defendants offered no evidence, other than mere speculation, to undermine the plaintiff's showing of entitlement to judgment as a matter of law or present a bona fide issue regarding the plaintiff's credibility as to a material fact. See, *Melchor v Singh*, *supra*. The evidence shows that no safety equipment, such as a scaffold, hoist, safety net, harness, or lifeline, was provided at the construction site, as required by Labor Law § 240 (1).

In opposition, the defendants failed to raise a triable issue of fact as to the existence of a Labor Law § 240(1) violation or whether the plaintiff's alleged actions were the sole proximate cause of his accident. See, *Ortiz v 164 Atl. Ave., LLC*, 77 A.D.3d 807, 909 N.Y.S.2d 745 (2nd Dept., 2010). Since the plaintiff was provided only with an unsecured ladder and no safety devices, the plaintiff cannot be held solely at fault for his injuries. See, *Canas v Harbour at Blue Point Home Owners Assn., Inc.*, *supra*. Furthermore, the defendants relied upon inadmissible hearsay in support of its contention that plaintiff's conduct was the sole proximate cause of the accident. See, *Weinstein v Nicolosi*, 117 A.D.3d 1036, 986 N.Y.S.2d 527 (2nd Dept., 2014). The court finds that the record does not support a finding that the plaintiff was a recalcitrant worker as the availability of a particular safety device will not shield an owner or general contractor from absolute liability if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures. See, *Nimirovski v Vornado Realty Trust Co.*, 29 A.D.3d 762, 818 N.Y.S.2d 93 (2nd Dept., 2006). Lastly, defendants' argument that plaintiff is a recalcitrant worker, and his own actions were the sole proximate cause also fails since a plaintiff does not have to demonstrate the absence of his own comparative fault to obtain partial summary judgment on defendant's liability. See, *Rodriguez v City of New York*, 31 N.Y.3d 312, 76 N.Y.S.3d 898 (2018).

5

[* 5]

Based on the foregoing, it is hereby

ORDERED, that plaintiff's motion for summary judgment (Seq. # 7) on the issue of Labor Law 240(1) is hereby granted, and it is further

ORDERED, that defendants' motion (Seq. # 8) for summary judgment dismissing plaintiff's complaint as to Labor Law 240(1) is hereby denied.

This constitutes the decision and order of this Court.

Dated: Brooklyn, New York
      February 18, 2026

HON. LISA S. OTTLEY, J.S.C.

HON. LISA S. OTTLEY

6

[* 6]