my said last Will and Testament, and that in place and stead of the said name ' Ransom J. Parker ' there be substituted the names ' Mary Elizabeth Parker Place and Priscilla Townsend Parker Starin,' whom I hereby appoint in the place and stead of said Ransom J. Parker, as Executors and Trustees of my said last Will and Testament, hereby expressly granting unto these said Executors and Trustees, namely, Mary Elizabeth Parker Place and Priscilla Townsend Parker Starin, and to my other said Executor and Trustee named in my said last Will and Testament, full power and authority to grant, convey, sell at either public or private sale, lease or otherwise dispose of any and all real estate of which I may die possessed, and to that end and purpose I hereby grant unto my said Executors and Trustees full power and authority, and expressly authorize them to make, execute and deliver any and all deeds of conveyance, leases or other instruments in writing which may be necessary."

*Alton B. Parker* for appellants.

*Frank C. Laughlin* and *John J. Kirby* for Ransom J. Parker, respondent.

*John J. Kirby* for Martha M. Parker et al., respondents.

*David L. Weil* for Clark P. Lattin Jr. et al., respondents.

*Jesse Grant. Roe* for George J. Gillespie, as trustee, respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

CIOCCA-LOMBARDI WINE COMPANY, Respondent, *v.* ENRICO FUCINI, Appellant.

*Contract — sale — sale of wine for lawful use and under government permit — action to recover for breach of contract — defense that purchaser was unable to obtain permit to purchase and transport wine.*

*Ciocca-Lombardi Wine Co.* v. *Fucini*, 204 App. Div. 392, affirmed. (Argued May 29, 1923; decided June 12, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered February 9, 1923, which reversed an order of Special Term denying a motion to strike out a defense and counterclaim set up in the answer and granted said motion. The action was to recover upon a contract for the sale of wine " for lawful use and under government permit." The defense was that the wines in question were intoxicating liquors; that at all times referred to in the complaint and in the answers the National Prohibition Act and the regulations duly made thereunder by the secretary of the treasury and the national prohibition commissioner were in full force and effect; that it was therein provided that no wine or intoxicating liquors could be sold, purchased or transported unless permits for such sale, purchase and disposition had been first granted and allowed; that the appellant repeatedly made application to the national prohibition commissioner and his duly appointed subordinates, between the date of the signature of the contract and the 1st day of December, 1920, for permit to purchase and transport the wine referred to in the contract, and continued such efforts for a reasonable time after the 1st day of December, 1920, and made all due and diligent and reasonable efforts to obtain such permit and permits, but that the national prohibition commissioner and his duly appointed subordinates during all of said time refused and continued to refuse to grant or issue to the defendant said permit or permits to purchase or transport any or all of said wine, which refusal was not due to any fault, omission or any act whatsoever of defendant. The counterclaim repeated the foregoing allegations, referred to the deposit which had been made and the refusal to issue the permits, and demanded judgment for the return of the deposit on the theory of failure of consideration.

The following questions were certified:

" (1) Is separate defense in the answer sufficient in law upon the face thereof?

" (2) Does the counterclaim contained in the answer state facts sufficient to constitute a cause of action? "

*Samuel F. Frank* and *Arthur W. Weil* for appellant.
*Meyer Kraushaar* and *Emanuel Celler* for respondent.

Order affirmed, with costs; both questions certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND, MC-LAUGHLIN and ANDREWS, JJ.; CARDOZO, J., dissents only as to question No. 1. Dissenting: CRANE, J.

---

In the Matter of the Application of the INTEROCEAN MERCANTILE CORPORATION et al., Respondents, for the Appointment of an Arbitrator.

GERTRUDE A. BUELL, as Executrix of GEORGE C. BUELL et al., Appellants.

*Practice — arbitration — motion for commission to take testimony without the state denied.*

*Matter of Interocean Mercantile Corporation* v. *Buell,* 206 App. Div. 658, affirmed.

(Argued May 29, 1923; decided June 12, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 27, 1923, which affirmed an order of Special Term denying a motion for a commission to take testimony without the state. The following question was certified: " Has the Supreme Court of the state of New York power to direct by order that an open commission issue to take the depositions on oral questions of witnesses residing outside the state of New York for use in an arbitration proceeding directed by an order of the said Supreme Court in which an arbitrator was appointed by the said court on the application of one of the parties to a written contract which provided that differences thereunder should be determined by arbitration but which said contract was not acknowledged or proved as required by section 1449 of the Civil Practice Act? "

*Martin Conboy* and *Edwin N. Moore* for appellants.
*Winthrop W. Aldrich, Edwin J. Johnson* and *Otey McClellan* for respondents.