■ DONALD DUTTON et al., Respondents, v CHARLES PANKOW BUILDERS, LTD., Appellant and Third-Party Plaintiff-Respondent-Appellant. BROWNELL STEEL, INC., Third-Party Defendant-Appellant-Respondent. [745 NYS2d 520] —Amended judgment, Supreme Court, New York County (Walter Tolub, J., and a jury), entered July 18, 2001, awarding damages to two construction workers for personal injuries and apportioning liability 20% against defendant general contractor and 80% against third-party defendant subcontractor/plaintiffs' employer, and bringing up for review a posttrial motion by the subcontractor to dismiss the general contractor's cause of action for contractual indemnification against it, and posttrial motions by both the general contractor and the subcontractor to set aside as excessive the awards for future lost earnings of $2,250,000 over 22 years to one plaintiff and $2,000,000 over 22 years to the other plaintiff, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about January 22, 2001, unanimously dismissed, without costs, as subsumed within the appeal from the amended judgment.

The subcontractor argues that the indemnification clause underlying the general contractor's cause of action for contractual indemnification purports to indemnify the general contractor for its own negligence, contrary to General Obligations Law

§ 5-322.1, and is therefore void and unenforceable even as to the subcontractor's own negligence (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795). There appears to be no dispute that plaintiffs did not sustain grave injuries within the meaning of Workers' Compensation Law § 11, and that the general contractor therefore has no cause of action against the subcontractor for contribution. Insofar as pertinent, the challenged indemnification clause provides that "to the fullest extent permitted by applicable law," the subcontractor will indemnify the general contractor for all liabilities arising out of personal injuries sustained in connection with the subcontractor's work "regardless of whether [the general contractor is] partially negligent * * * exclud[ing] only liability created by the [general contractors's] sole and exclusive negligence." We find that the clause calls for partial, not full, indemnification of the general contractor for personal injuries partially caused by its negligence, and is therefore enforceable. We reach this conclusion in view of the phrases limiting the subcontractor's obligation to that permitted by law (*see*, 89 NY2d at 795) and excluding liability created by the general contractor's sole and exclusive negligence. While the phrase calling for indemnification of the general contractor "regardless" of its partial negligence makes it reasonable to construe the exclusion for the general contractor's sole negligence as applying only to situations where the general contractor is found solely at fault, not like here, where the general contractor was found partially at fault, it is just as reasonable to construe the "regardless" phrase as requiring indemnification even where the general contractor is partially negligent, but excluding that portion of the joint liability attributable to its negligence. As between these two reasonable constructions of the indemnification clause, we adopt the one that renders it legal and gives it effect (*see, Ronnen v Ajax Elec. Motor Corp.*, 88 NY2d 582, 589; *Ciocca-Lombardi Wine Co. v Fucini*, 204 App Div 392, 394, *affd* 236 NY 584).

The apportionment is not against the weight of the evidence. The 20% finding against the general contractor is reasonably supported by evidence that the vertical steel columns on which plaintiffs were perched would not have collapsed had the anchor bolts at their base, installed by the general contractor, not pulled out of their concrete encasement. The 80% finding against the subcontractor is reasonably supported by evidence that it controlled the work being performed at the time of the accident, failed to use guide wires that, according to the testimony of its own employees, should have been used and would have prevented the collapse of the columns, failed to fol-

low its own operations manual calling for it to inspect the anchor bolts and to use guide wires if there was any doubt as to whether they would hold, and failed to provide any other safety devices.

The court properly permitted evidence of reasonably certain increases in plaintiffs' wages that they would have earned had they not been injured, in addition to applying the 4% adjustment to future payments required by CPLR 5041 (e) (*cf., Schultz v Harrison Radiator Div. Gen. Motors Corp.*, 90 NY2d 311). Defendants' argument that plaintiffs' experts' growth rates are unreasonably high is undermined by the testimony of their own expert suggesting that the awards for future lost earnings should be 20% to 25% less than that urged by plaintiffs' expert, where the jury's awards were over 50% less. Concur—Nardelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.