OPINION OF THE COURT
Dianne T. Renwick, J.
Third-party plaintiff, Access Rentals, Inc., moves for leave to reargue this court’s decision and order denying movant’s mo *883 tion for summary judgment on its contractual indemnification claim against third-party defendant, Kiska Construction. This court denied the motion as premature because it was unable to determine whether the indemnification agreement violated General Obligations Law § 5-322.1, which prohibits a party from seeking indemnification for its own negligence. Leave to reargue must be granted, for in denying the motion for summary judgment, this court overlooked whether the indemnification agreement is removed from the proscriptive ambit of General Obligations Law § 5-322.1 by the inclusion of a qualifying provision in the agreement seeking indemnification “to the fullest extent permitted by the law.”
Background
On December 11, 1995, plaintiff Ernest Bush was injured while working as an ironworker on the structural renovation of the elevated portion of an expressway. Plaintiff was employed by Kiska Construction, the general contractor on the project hired by New York State. At the time of his accident, plaintiff was using a manlift, which his employer had rented from Access Rentals. Plaintiff was inside the basket of the manlift, approximately 25 feet above the ground, repairing a steel beam. The basket suddenly tilted, causing plaintiff to be pinned between the handrails of the lift and the steel beam.
In August of 1996, plaintiffs commenced this action against the City of New York and Access Rentals, claiming, inter alia, that the manlift had malfunctioned because of its negligent maintenance and repair.[1] Access Rentals then commenced a third-party action against Kiska Construction, seeking contractual and common-law indemnification, and contribution. Access Rentals also alleges a breach of contract claim against Kiska Construction for its alleged failure to procure insurance to cover the instant action and name Access Rentals as an additional insured.
Procedural History
By a decision and order dated September 12, 2002, this court denied Kiska Construction’s motion for a dismissal of the third-party complaint as a sanction for the spoliation of evidence; *884 Access Rentals failed to preserve the instrumentality (manlift) that caused plaintiffs injuries. The court also denied plaintiff Ernest Bush’s motion to strike defendant Access Rentals’ answer for the same spoliation of evidence. By the same decision and order, this court granted Kiska Construction’s motion for summary judgment dismissing the third-party claims for common-law indemnification and contribution as barred by Workers’ Compensation Law § 11. The court granted partial summary judgment on liability to Access Rentals on its breach of contract claim due to Kiska Construction’s failure to procure insurance with regard to the use of the subject manlift and to name Access Rentals as an additional insured.
The September 12, 2002 decision and order deferred Kiska Construction’s motion for summary judgment dismissing Access Rentals’ third-party claims for contractual indemnification, as well as Access Rentals’ cross motion for summary judgment on its contractual indemnification claim. This court considered the motion and cross motion premature. Faced with unresolved issues of fact whether Access Rentals (the indemnitee) was negligent in any way in the handling of the manlift that caused plaintiffs injuries, the court was unable to determine whether the subject indemnification agreement violated General Obligations Law § 5-322.1.
Discussion
A. Motion to Reargue
A court has the discretion to grant a motion to reargue upon a showing that “the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision.” (See, Loland v City of New York, 212 AD2d 674, 674 [1995] ; SantaMaria v Schwartz, 238 AD2d 569, 570 [1997]; Schneider v Solowey, 141 AD2d 813 [1988]; CPLR 2221 [d] [2].) If such a showing is made, the motion must be granted. (See, Loland v City of New York, 212 AD2d 674 [1995].) Re argument, however, is not intended to afford an unsuccessful party successive opportunities to reargue issues previously decided, or to present arguments different from those originally asserted. (See, Rubinstein v Goldman, 225 AD2d 328, 328-329 [1996] ; Mayer v National Arts Club, 192 AD2d 863, 865 [1993].)
Here, in making the present application for leave to reargue, third-party plaintiff Access Rentals asserts that this court overlooked its argument that the indemnification agreement is removed from the proscriptive ambit of General Obligations Law § 5-322.1 by the inclusion of a qualifying provision in the *885 agreement seeking indemnification “to the fullest extent permitted by the law.” Since movant’s position is accurate, it is granted leave to reargue. As such, the court now turns to the merits of this argument.
B. Interplay of Contractual Indemnification and General Obligations Law § 5-322.1
Any analysis of the interplay of contractual indemnification and General Obligations Law § 5-322.1 must begin with Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co. (89 NY2d 786 [1997]), where the Court construed the statute as “voiding” indemnification agreements that contemplate full indemnification. Full indemnification agreements are unlimited agreements that purport to indemnify negligent owners or general contractors both for the subcontractor’s negligence and owner’s or contractor’s negligence. Though the statute declares such agreements are against public policy and hence “void” and unenforceable, the Court of Appeals, consistent with a prior holding in Brown v Two Exch. Plaza Partners (76 NY2d 172 [1990]), ruled implicitly that such unlimited indemnification agreements are actually “voidable.” That is, to render the agreement void, the offensive language purportedly seeking full indemnification must be coupled with “active” negligence by the owner or general contractor (the indemnitee). (Itri Brick, supra; see also, Correia v Professional Data Mgt., 259 AD2d 60 [1st Dept 1999].)
Furthermore, the Court ruled that such agreements are unenforceable even as to the portions of the awards that were not attributable to the negligence of the general contractor. (Itri Brick, supra.) The Court explained that “[s]ection 5-322.1 makes no attempt to salvage that part of an indemnification contract that would require a subcontractor to indemnify a general contractor for the subcontractor’s negligence only.” (Id. at 795.) Simply put, the Itri Brick rule is that unlimited agreements are unenforceable by a negligent indemnitee. (Itri Brick, supra; see also, Kennelty v Darlind Constr., 260 AD2d 443 [2d Dept 1999].)
Itri Brick v Aetna (supra), however, did not specifically grapple with the issue of what language is needed to remove an indemnity agreement from the proscriptive ambit of General Obligations Law § 5-322.1. That issue was squarely faced by the Appellate Division, First Department, in Dutton v Pankow Bldrs. (296 AD2d 321 [1st Dept 2002]), where the Court recognized the principle of “partial indemnification.” Such type of indemnification consists of an indemnification agreement *886 that purportedly seeks indemnity that does not run to the negligent conduct of the owner or general contractor (indemnitee). In Dutton (supra), the indemnification clause provided that:
“to the fullest extent permitted by applicable law, the subcontractor will indemnify the general contractor for all liabilities arising out of personal injuries sustained in connection with the subcontractor’s work regardless of whether [the general contractor is] partially negligent * * * excluding] only liability created by the [general contractor’s] sole and exclusive negligence.” (Internal quotation marks omitted.)
The Court focused on the phrases limiting the subcontractor’s obligation to that permitted by law and excluding liability created by the general contractor’s sole and exclusive negligence. According to the Court, the provision was valid because it permitted partial, not full indemnification of the general contractor for personal injuries partially caused by its negligence. With regard to the phrase calling for indemnification of the general contractor “regardless” of its partial negligence, the Dutton Court explained:
“[although it is] reasonable to construe the exclusion for the general contractor’s sole negligence as applying only to situations where the general contractor is found solely at fault, not like here, where the general contractor was found partially at fault, it is just as reasonable to construe the ‘regardless’ phrase as requiring indemnification even where the general contractor is partially negligent, but excluding that portion of the joint liability attributable to its negligence. As between these two reasonable constructions of the indemnification clause, we adopt the one that renders it legal and gives it effect.” (Id. at 322.)
Here, the indemnification provision of the rental agreement between Access Rentals and Kaska Construction, pertaining to the subject manlift, states in pertinent part:
“Lessee [Kaska] agrees to defend, indemnify and hold harmless, lessor [Access Rentals] from or against any and all claims, including but not limited to lawsuits, litigation, arbitration, mediation, damages, losses, costs, obligations or liabilities of any kind arising out [of] or relating to the Equip *887 ment, including but not limited to the use, operation, transportation or storage thereof whether or not claimed to be due to carelessness, negligence or improper conduct on the part of the lessor [or] lessee * * * irrespective of whether such claims, lawsuits, litigation, arbitration, mediation, damages, losses expenses, costs or obligations result in the determination of liability. This provision shall be enforceable to the fullest extent permitted by the law * * *.”
Access Rentals acknowledges that language in this indemnification agreement purports to hold it (the indemnitee) harmless regardless of its own negligence. As such, it is a full, hold harmless indemnification agreement, which is presumably subject to the Itri Brick prophylactic rule of rendering such agreements unenforceable by the negligent indemnitee. Access Rentals, however, argues that the qualifying phrase in the agreement, “to the fullest extent permitted by the law,” saves such a contract provision that otherwise exceeds the permissible limits set by the Itri Brick rule. This is an issue neither squarely addressed by Itri Brick (supra) nor any subsequent appellate authority.
Two trial level decisions that have met the issue head on came to opposite conclusions. In Bright v Tishman Constr. Corp. of N.Y. (1998 WL 63403, 1998 US Dist LEXIS 1659 [SD NY 1998]), the indemnification contract at issue contained language requiring the subcontractor to indemnify the general contractor for all claims against it regardless of the general contractor’s negligence. In addition, the general contractor was found to be contributorily negligent. The District Judge found that such “an unlimited indemnification clause [was] void in its entirety” (1998 WL 63403, *4, 1998 US Dist LEXIS 1659, *12). The Judge rejected the argument that qualifying language in the indemnification provision that was seeking indemnity “to the fullest extent permitted by law” was “a * * * sufficient limitation on the indemnification provision to remove the contract from the proscriptive scope of Section 5-322.1.” (Id.) Judge Cote held that “the saving language must indicate with sufficient clarity that the indemnification does not run to the negligent conduct of the indemnitee.” (Id.)
Conversely, in the unreported Supreme Court decision of Bray v C&D Fireproof (Sup Ct, Rockland County, Nov. 11, 1997, Index No. 1225/94), Justice Miller found that a full indemnification agreement that contained the qualifying *888 phrase “to the extent permitted by law” did not purport to indemnify the indemnitee against its own negligence, and thus it removed the agreement from the proscriptive ambit of General Obligations Law § 5-322.1. (Cf. Agricultural Ins. Co. v Ace Hardware, 2003 WL 164272, 2003 US Dist LEXIS 711 [SD NY] [while interpreting indemnification agreement language similar to Dutton as seeking partial indemnification, court also held that agreement was removed from General Obligations Law by the phrase “to the fullest extent permitted by the law”].)
This court is not constrained to follow either Bray, which holds that the qualifying phrase “to the extent permitted by law” removes the indemnification agreement from the proscriptive ambit of General Obligations Law § 5-322.1, or Brightman, which holds otherwise. Absent any pronouncement by the Court of Appeals or the Appellate Division where the action is pending or any other department, the doctrine of stare decisis does not require the trial court to follow as precedent a point established by the courts of coordinate jurisdiction or a court of a different jurisdiction. (View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984]; People v Brisotti, 169 Misc 2d 672 [App Term, 1st Dept 1996].) Such decisions constitute solely persuasive authority that the parties can argue a court to adopt. (See People v McMurty, 141 Misc 2d 510 [1987], affd 174 AD2d 988 [4th Dept 1991]; Reyes v Sanchez-Pena, NYLJ, May 13, 2002, at 21, col 5 [Sup Ct, Bronx County]; Josephson v Josephson, 121 Misc 2d 572 [Sup Ct, NY County 1983].) Nevertheless, this court is persuaded that the Bray decision provides the correct reading of General Obligations Law § 5-322.1.
This court, therefore, holds that an indemnification agreement containing the phrase “to the fullest extent permitted by law” is an indemnification agreement intended to avoid the proscriptive ambit of General Obligations Law § 5-322.1. (Cf. Agricultural Ins. Co. v Ace Hardware, 2003 WL 164272 [SD NY].) Indeed, a careful reading of Itri Brick reveals that the case sheds light on the very issue in favor of a holding that inserting the qualifying phrase “to the extent permitted by law,” in an unlimited indemnification agreement, removes the agreement from the proscription of General Obligations Law § 5-322.1. In noting that the agreements under review in Itri Brick were unlimited, the Court observed (at 795): “[T]he agreements [under review] contemplate full indemnification, even in cases where the general contractor is found to be negligent, and contain no language limiting the subcontractor’s obligation *889 to that permitted by law or to the subcontractor’s negligence.” This sentence implies that indemnity agreements can pass muster in two ways: by including the “to the extent permitted by law” modifier (as held in Bray, supra) “or” (the court phrased this in the disjunctive) by limiting the subcontractor’s obligation to its own negligence (as held in Dutton, supra). Significantly here is the Court’s specific reference that the agreements under review did not contain language limiting the indemnitor’s obligation “to that permitted by law.” Thus, though not specifically decided, the general tenor of the opinion was that the Court would enforce an agreement that contains the qualifying phrase that it was seeking indemnity “to the extent permitted by the law.”
Nor is the holding here inconsistent with Dutton (supra). To be sure, the recent pronouncement of the Appellate Division, First Department, in Dutton can be reasonably interpreted as supporting Brightman’s holding that a “saving clause must indicate with sufficient clarity that the indemnification does not run to the negligent conduct of the indemnitee” to remove the agreement from the ambit of the General Obligations Law. As noted above, in holding that the indemnification agreement was valid because it permitted partial, not full indemnification, the Court focused on both the phrase limiting the subcontractor’s obligation to that permitted by law and the phrase excluding liability created by the general contractor’s sole and exclusive negligence. (Itri Brick, supra.) Since the Court relies upon both of these phrases in upholding the indemnification agreement, it can be argued that the qualifying clause “to the extent permitted by law” alone was insufficient to remove the agreement from the proscriptive ambit of General Obligations Law § 5-322.1.
Nevertheless, a better view is that the Court in Dutton did not implicitly address the issue — whether the phrase “to the extent permitted by law” alone was sufficient to remove the indemnification agreement from the proscriptive ambit of the General Obligations Law — because the issue was apparently never raised in the case. Indeed, the Court’s finding that the disputed “clause calls for partial not full indemnification of the general contractor,” clearly indicates that the Court was limited to deciding that issue. Under the circumstances, this court refuses to give Dutton a meaning beyond its explicit holding and that runs contrary to the general tenor of Itri Brick that the court would enforce an agreement that contains the qualifying phrase that it was seeking indemnity “to the extent permitted by the law.”
*890 Rather, like in Dutton, where the Court was faced with “two reasonable constructions of the indemnification clause,” this court adopts “the one that renders it legal and gives it effect.” (Dutton v Pankow Bldrs., supra, 296 AD2d at 322.) Indeed, courts have consistently held that “the law in force at the time [an] agreement is entered into becomes as much a part of the agreement as though it were expressed or referred to therein, for it is presumed that the parties had such law in contemplation when the contract was made and the contract will be construed in the light of such law.” (Ronnen v Ajax Elec. Motor Corp., 88 NY2d 582, 589 [1996], quoting Dolman v United States Trust Co., 2 NY2d 110, 116 [1956].) Thus, this court holds that the saving clause, “to the fullest extent permitted by law,” removes the indemnification agreement from the ambit of General Obligations Law § 5-322.1.
C. Ripeness of Motion for Partial Summary Judgment on Contractual Indemnification
This court’s holding, removing the indemnification agreement from the ambit of General Obligations Law § 5-322.1, a fortiori, removes any impediment for granting Access Rentals a conditional summary judgment on the third-party claim for contractual indemnification. A motion for summary judgment before a liability apportionment among the owner/general contractor and subcontractor is usually premature because of the Itri Brick rule prohibiting a negligent indemnitee from seeking contractual indemnification. (See Ziegler-Bonds v Structure Tone, 245 AD2d 80 [1st Dept 1997].) However, once an agreement is removed from the ambit of the General Obligations Law, either because it purportedly seeks partial indemnification or because it contains a saving phrase “to the extent permitted by law,” the indemnitee’s active negligence is no longer relevant, thus removing the impediment for granting conditional summary judgment on a contractual indemnification claim. (Cf. Kowalewski v North Gen. Hosp., 266 AD2d 114 [1st Dept 1999].)[2] Accordingly, this court must grant Access Rentals a conditional summary judgment on its third-party claims against Kiska Construction for contractual indemnification pending a finding as to the extent of Kiska Construction’s responsibility for plaintiff’s injuries.
*891 Conclusion
For the foregoing reasons, it is ordered that third-party plaintiffs motion, for leave to reargue this court’s prior decision and order, dated September 10, 2002, denying as premature its motion for summary judgment on its contractual indemnification claim against third-party defendant, Kiska Construction, is granted; it is further ordered that, upon reargument, this court vacates and annuls its prior decision and order, dated September 10, 2002, to the extent it denied as premature Access Rentals’ motion for summary judgment on its contractual indemnification claim; it is further ordered that said decision and order is amended to the extent of granting third-party plaintiff, Access Rentals, a conditional summary judgment on its claim for contractual indemnification pending a finding as to the extent of Kiska Construction’s responsibility for plaintiffs injuries; it is further ordered that the remaining issues raised in third-party defendant’s motion for leave to reargue and third-party plaintiffs cross motion for leave to reargue are denied as devoid of merit.

. Plaintiff also commenced a separate action against the State of New York in the Court of Claims. Such action has been stayed, pending the resolution of the instant matter.

. Conditional summary judgment is also proper on the issue of contractual indemnification where a party can show, as a matter of law, that it cannot be found actively negligent, such as when its liability is anything but vicarious. (See e.g., Tranchina v Sisters of Charity Health Care Sys. Nursing Home, 294 AD2d 491 [2d Dept 2002]; Werner v East Meadow Union Free School Dist., 245 AD2d 367, 369 [2d Dept 1997].)