■ MICHAEL V. STALLONE et al., Appellants-Respondents, v PLAZA CONSTRUCTION CORP. et al., Respondents, and LIVINGSTON ELECTRICAL ASSOCIATES, INC., Respondent-Appellant, et al., Defendant. [944 NYS2d 130]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered May 11, 2011, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) claim, and denied so much of defendant Livingston Electrical Associates' motion for summary judgment as sought to dismiss the common-law negligence claim as against it and all cross claims for contribution or indemnification against it, unanimously modified, on the law, to grant plaintiffs' motion for partial summary judgment on their section 240 (1) claim, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered September 26, 2011, which, upon reargument of plaintiffs' motion, adhered to the original determination, unanimously dismissed, without costs, as academic.

Plaintiff Michael Stallone was injured when, in the course of descending a fixed 14-foot ladder linking upper and lower platforms on a large crane, his foot slipped on a metal rung and he fell 13 feet to the next platform below. The permanently af-

fixed ladder plaintiff used was the only means by which he could reach his elevated work site and, as such, was a device within the meaning of section 240 (1) (*see Crimi v Neves Assoc.*, 306 AD2d 152 [2003]; *Priestly v Montefiore Med. Ctr./Einstein Med. Ctr.*, 10 AD3d 493 [2004]). Plaintiff was entitled to partial summary judgment since the ladder "proved inadequate to shield [plaintiff] *from harm directly flowing from the application of the force of gravity to an object or person*," and his injuries were at least partially attributable to defendants' failure to take mandated safety measures to protect him from elevation-related risks (*Williams v 520 Madison Partnership*, 38 AD3d 464, 465 [2007]; *Priestly*, 10 AD3d at 494-95; *Crimi*, 306 AD2d at 153).

As to the common-law negligence claim against defendant Livingston, issues of fact exist as to whether plaintiff's fall was caused, at least in part, by inadequate lighting in the area of the crane's internal ladder, and whether Livingston, which had a contractual duty to supply electricity to the tower crane, was on notice of recurrent electrical outages on the crane (*see e.g. O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106 [1996]).

Since Livingston has not been found free from negligence, we reject its contention that all cross claims against it for contribution or indemnification should be dismissed. To the extent Livingston argues that the indemnification provision in its contract is void as against public policy (*see* General Obligations Law § 5-322.1), this argument is unavailing in view of the language limiting Livingston's obligation to that which the law permits (*see Dutton v Pankow Bldrs.*, 296 AD2d 321 [2002], *lv denied* 99 NY2d 511 [2003]).

We have considered the parties' remaining arguments in support of affirmative relief and find them unavailing. Concur—Saxe, J.P., Sweeny, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 31247(U).]**