Hobbs v MTA Capital Constr. (2018 NY Slip Op 01884)





Hobbs v MTA Capital Constr.


2018 NY Slip Op 01884


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Mazzarelli, Kapnick, Gesmer, JJ.


155382/15 -605 6044

[*1] Joseph Hobbs, et al., Plaintiffs-Appellants,
v
MTA Capital Construction, et al., Defendants-Respondents.


Foulke Law Firm, Goshen (Evan M. Foulke of counsel), for appellants.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Marcia K. Raicus of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered March 28, 2017, which denied plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiffs established entitlement to judgment as a matter of law on the issue of liability on the section 240(1) claim. The injured plaintiff testified that he fell from a fixed, job-made access ladder when the edge of the rung on which he was stepping suddenly splintered and he fell (see Lizama v 1801 Univ. Assoc., LLC, 100 AD3d 497 [1st Dept 2012]; Stallone v Plaza Constr. Corp., 95 AD3d 633 [1st Dept 2012]).
In opposition, defendants raised triable issues of fact through the affidavits of other workers on the site who stated that they observed the ladder after the accident and found that no rungs were damaged or broken. They also averred that, shortly after the accident, the injured plaintiff, inter alia, told them that he fell because his hand missed the handhold, causing him to lose his balance and fall. These conflicting accounts of how the accident occurred raise an issue of fact that precludes the granting of summary judgment.
M-605 — Hobbs v MTA Capital Construction
Motion to strike reply brief and for related relief granted to the extent of striking the footnote on page 14 of the reply brief referring to facts dehors the record, and otherwise denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK