## Rosini v Jamestown OTS, LP.

2024 NY Slip Op 32183(U)

June 26, 2024

Supreme Court, New York County

Docket Number: Index No. 156324/2018

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. ARTHUR F. ENGORON**<br>_Justice_ | PART 37 |

-------------------------------------------------------------------X

MICHAEL ROSINI,

                              Plaintiff,

                      - v -

JAMESTOWN OTS, L.P., STRUCTURE-TONE, INC.,

                             Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156324/2018 |
| MOTION DATE | 01/06/2023,<br>01/06/2023 |
| MOTION SEQ. NO. | 009 010 |

**DECISION + ORDER ON MOTION**

STRUCTURE-TONE, INC.,

                         Plaintiff,

                -against-

DIMAIO MILL WORK CORPORATION, CITYWIDE PAINTING AND DESIGN INC.,

                         Defendants.

-------------------------------------------------------------------X

Third-Party
Index No. 595782/2019

The following e-filed documents, listed by NYSCEF document number (Motion 009) 145, 146, 147, 148, 149, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 199, 200, 201, 202, 203, 204, 208, 209, 210, 211

were read on this motion for                           **SUMMARY JUDGMENT**        .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 194, 195, 196, 197, 198, 205, 206, 207, 212

were read on this motion for                           **SUMMARY JUDGMENT**        .

Upon the foregoing documents, and for the reasons stated hereinbelow, the motions for summary judgment are granted in part and denied in part, as follows.

Background

On or about November 7, 2017, plaintiff, Michael Rosini, was allegedly struck by a piece of millwork on a construction site located at 4 Times Square New York, NY allegedly under the control of defendants Structure Tone LLC f/k/a Structure Tone, Inc., s/h/a Structure-Tone, Inc. ("Structure Tone), Citywide Painting and Design Inc. ("Citywide") (plaintiff's employer), and Dimaio Millwork Corp. ("Dimaio"). NYSCEF Doc. No. 174.

156324/2018  ROSINI, MICHAEL vs. STRUCTURE-TONE, INC.
Motion No. 009 010

Page 1 of 7

1 of 7

On July 8, 2018, plaintiff commenced the instant lawsuit against defendants Jamestown OTS, L.P., and Structure Tone. NYSCEF Doc. No. 171.

On September 11, 2019, Structure Tone filed a verified third-party complaint against third-party defendants Dimaio and Citywide, asserting eight causes of action: (1) contractual defense and indemnification against Dimaio; (2) common law negligence against Dimaio; (3) attorney's fees against Dimaio; (4) failure to procure insurance against Dimaio; (5) contractual defense and indemnification against Citywide; (6) common law negligence against Citywide; (7) attorney's fees against Citywide; and (8) failure to procure insurance against Citywide. NYSCEF Doc. No. 156.

On December 6, 2019, plaintiff filed an amended complaint, adding Dimaio and asserting five causes of action alleging defendants (1) were careless in their control of the premises; and (2) violated Labor Law §§ 200, 240(1), and 241(6) (the latter by violating sections 23-1.5, 23-1.7, 23-1.16, and 23-1.21 of the New York Industrial Code). NYSCEF Doc. No. 52

In a Decision and Order, dated April 18, 2023, this Court granted partial summary judgment dismissing Structure Tone's sixth and eighth third-party causes of action against Citywide. NYSCEF Doc. No. 188.

Motion Sequence 9

On January 6, 2023, defendant/third-party plaintiff Structure Tone moved, pursuant to CPLR 3212, for summary judgment: dismissing plaintiff's Labor Law §§ 200, 240(1), and 241(6) claims; granting Structure Tone's third-party claims against third-party defendants Dimaio and Citywide for defense, indemnification, and failure to procure insurance. NYSCEF Doc. No. 148.

Structure Tone argues that plaintiff's Labor Law § 200 claim should be dismissed as the Accident arose due to the manner the underlying work was performed; that the Labor Law § 240(1) claim should be dismissed because plaintiff fails to establish that Structure Tone's violation proximately caused plaintiff's injuries; and that the Labor Law § 241(6) claim fails to plead and prove a violation of a specific Industrial Code regulation. NYSCEF Doc. No. 148.

In opposition, plaintiff argues that: issues of fact preclude dismissal of its Labor Law § 240; 12 NYCRR 23-1.5 of the Industrial Code is specific enough to support plaintiff's Labor Law § 241(6) claims; and that Structure Tone fails to prove entitlement to dismissal of the Labor Law § 200 and common law negligence claims. NYSCEF Doc. No. 199.

Structure Tone also argues that it is entitled to indemnification and defense from Dimaio and Citywide based on agreements with an indemnification provision between Structure Tone and the two third-party defendants, respectively. NYSCEF Doc. Nos. 128, 148-149.

Also in opposition, Dimaio argues, inter alia, that because Structure Tone coordinated and arranged the schedules of the various trades, the contractual indemnification and defense claims should be denied as there is a triable issue of fact as to Structure Tone's own negligence. NYSCEF Doc. No. 204.

156324/2018  ROSINI, MICHAEL vs. STRUCTURE-TONE, INC.
Motion No. 009 010

Page 2 of 7

[* 2]

2 of 7

Motion Sequence 10

Also on January 6, 2023, defendant Dimaio moved, pursuant to CPLR 3212, for summary judgment dismissing plaintiff's complaint against it and all claims asserted by third-party plaintiff Structure Tone. NYSCEF Doc. No. 150.

Dimaio argues, inter alia, that: Diamio is not subject to liability under Labor Law § 241(6) as Dimaio was neither an owner, general contractor, nor agent at the work site; Dimaio's work was completed and done properly and served no role in creating the condition that led to the Accident (the millwork that allegedly fell on plaintiff). NYSCEF Doc. No. 167.

Plaintiff concedes Dimaio, as a subcontractor to general contractor Structure Tone, is not subject to liability under Labor Law §§ 200, 240(1), and 241(6). NYSCEF Doc. No. 199.

In opposition, however, plaintiff argues Dimaio is liable for common law negligence and that there are several issues of material fact precluding summary judgment. NYSCEF Doc. No. 194.

Also in opposition, Structure Tone argues that, for the same reasons it argues in Motion Sequence 9, the contractual claims and common law negligence claims should not be dismissed. NYSCEF Doc. No. 206.

Discussion

In order to obtain summary judgment, the "movant must establish its defense or cause of action sufficiently to warrant a court's directing judgment in its favor as a matter of law. The party opposing the motion, on the other hand, must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests' [M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient' for this purpose." Gilbert Frank Corp. v Fed. Ins. Co., 70 NY2d 966, 967 (1988).

Labor Law § 240(1)

Labor Law § 240(1), often called the Scaffold Law, provides that "all contractors and owners … shall furnish or erect, or cause to be furnished or erected … scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

Labor Law § 240(1)'s "list of required safety devices … evinces a clear legislative intent to provide exceptional protection for workers against special hazards that arise when the work site either is itself elevated or is positioned below the level where materials or load[s] are hoisted and secured." Ross v Curtis-Palmer Hydro-Electric Co., 81 NY2d 494, 500-501 (1993) (emphasis in original). "[S]pecial hazards … do not encompass *any and all* perils that may be connected in a tangential way with the effects of gravity." Id.

Labor Law § 240(1) applies to: "falling worker" and "falling object" cases, but "with respect to falling objects [it] only applies where the falling of an object is related to a significant risk inherent in the relative elevation at which materials or loads must be positioned or secured."

156324/2018 ROSINI, MICHAEL vs. STRUCTURE-TONE, INC.
Motion No. 009 010

Page 3 of 7

[* 3]

Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268 (2001) (internal citation and quotation omitted). "[The] safety device contemplated by the statute" is meant to "lessen a gravity related risk related to the securing of a large load or the hoisting of construction material." Cotroneo v Van Wagner Sign Erectors, LLC, 210 AD3d 421, 422 (1st Dept 2022).

Here, as plaintiff was on the floor at the time of the Accident and as the millwork that tipped over was secured to the floor and posed no risk inherent to its relative elevation requiring protective safety equipment under the intent of the statute, Structure Tone's motion for summary judgment dismissing plaintiff's Labor Law 240(1) claim must be granted. Furthermore, while the Court of Appeals has declined to adopt a "same level rule", plaintiff's alleged injuries cannot be said to have been "the direct consequence of a failure to provide adequate protection against a risk arising from the physically significant elevation differential"; that is to say the instant millwork's arguable height differential was de minimis "given the weight of the object and the amount of force it was capable of generating" from its tipping over. Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 9 (2011); Runner v New York Stock Exch., Inc., 13 NY3d 599, 605 (2009). In Runner, the plaintiff was injured by a very heavy spool of wire while descending the height differential of a stairway.

Labor Law § 241(6)

As here relevant, Labor Law § 241(6) requires property owners and contractors to comply with rules promulgated by the Commissioner of the Department of Labor. "To establish a claim under the statute, a plaintiff must show that a specific, applicable Industrial Code regulation was violated and that the violation caused the complained-of injury." Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 146 (1st Dept 2012) citing Ross at 501-502.

Here, plaintiff relies on 12 NYCRR 23-1.5(c)(3), which provides that "all safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged." 12 NYCRR 23-1.5(c)(3) is "sufficiently specific enough to support a Labor Law § 241(6) claim. Becerra v Promenade Apartments Inc., 126 AD3d 557 (1st Dept 2015) citing Misicki v Cardonna, 12 NY3d 511, 520-521 (2009). In support of it claim, plaintiff provides a photo taken the day after the Accident in which plaintiff wrote "this was not in place" over a middle component seemingly stabilizing the leg of the millwork. NYSCEF Doc. No. 141.

As questions of fact remain as to whether there was a safety device or safeguard absent or in need of repair on the millwork at the time of the Accident, Structure Tone's motion for summary judgment dismissing plaintiff's Labor Law 241(6) claim must be denied.

Labor Law § 200

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work." Comes v New York State Elec. and Gas Corp., 82 NY2d 876, 877 (1993). Labor Law § 200 "applies only to owners and contractors who actually exercise control or supervision over the work and had actual or constructive notice of the unsafe condition." Buckley v Columbia Grammar and Preparatory, 44 AD3d 263, 272 (1st Dept 2007).

156324/2018  ROSINI, MICHAEL vs. STRUCTURE-TONE, INC.
Motion No. 009 010

Page 4 of 7

4 of 7

[* 4]

Here, as a Structure Tone supervisor testified (NYSCEF Doc No. 163) that he was responsible for "planning and scheduling" the work of the various contractors, there are genuine issues of fact as to whether Structure Tone controlled the work site, and if the supervisor had constructive or actual notice of the allegedly defective millwork. Therefore, Structure Tone's motion for summary judgment dismissing plaintiff's Labor Law § 200 claim must be denied.

GOL § 5-322.1(1)

General Obligations Law § 5-322.1(1) states, in pertinent part, that a construction-related contract:

> purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons … contributed to, caused by or resulting from the negligence of the promisee, his agents or employees, or indemnitee, whether such negligence be in whole or in part, is against public policy and is void and unenforceable…

In Dutton v Charles Pankow Bldrs., 296 AD2d 321 (1st Dept 2002), the Appellate Division, First Department, recognized the principle of "partial indemnification," that is, when an indemnification agreement that does not run to the negligent conduct of the owner or general contractor. For example, "[t]he phrase 'to the fullest extent permitted by law' limits rather than expands a promisor's indemnification obligation." Brooks v Judlau Contr., Inc., 11 NY3d 204, 210 (2008). In view of phrases limiting the subcontractor's obligation "to the fullest extent permitted by law" and excluding liability created by the general contractor's sole and exclusive negligence, such indemnification provisions can be enforceable. Dutton at 322.

Here, Paragraph 11.2 of Structure Tone's subcontracts with the third-party defendants states, in pertinent part:

> To the fullest extent [allowed] by Law, Subcontractor will indemnify and hold harmless Structure Tone, LLC,. . . in connection with the job/project work. . . against any and all claims, suits, liens, judgments, damages, losses and expenses including the reasonable legal fees and costs arising in whole or in part and in any manner from the acts, omissions, breach or default of Subcontractor, sub-contractors, its officers, directors, agents, employees, and Subcontractors in connection with the performance of any work by subcontractor, its employees and subcontractors pursuant to this Subcontract. Subcontractor will defend and bear all costs of defending any action or proceedings brought against Structure Tone, LLC. and or Owner, their officers, directors, agents and employees, arising in whole or in part out of any such acts, omission, breach or defaults.

NYSCEF Doc. No. 128.

In addition, Structure Tone's subcontracts with third-party defendants all contain the phrase "to the fullest extent by Law," thus rendering their indemnification clauses enforceable for joint liability attributable to the negligence of Citywide, Dimaio, or their related parties as specified. Dutton at 322.

[* 5]

However, "where the contractor's negligence has not been litigated and a triable issue of fact is raised, the contractor's request for summary judgment for contractual indemnification must be denied." Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 12 (1st Dept 2011).

Here, the record raises questions of fact as to the parties' alleged negligence; therefore, Structure Tone's motion for summary judgment for indemnification must be denied.

Duty to Defend

"It is well settled that [an insurer's] duty to defend is broader than its duty to indemnify" and arises "[when] the allegations of the complaint suggest a reasonable possibility of coverage" or where the insurer has "actual knowledge of facts establishing a reasonable possibility of coverage." Auto. Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 (2006) (internal quotations omitted); Fitzpatrick v Am. Honda Motor Co., Inc., 78 NY2d 61, 67 (1991). Thus, the duty to provide a defense may arise before indemnification has been decided. Auriemma at 12.

Here, the agreements executed by Structure Tone require the third-party defendants to "defend and bear all costs of defending any action or proceedings brought against Structure Tone" in connection with the project. NYSCEF Doc. No. 128. Therefore, the third-party defendants' insurers have a duty to defend, as they had actual notice of the possibility of coverage from Structure Tone's third-party complaint alleging third-party defendants' culpability, and Structure Tone's deposition testimony. Id.; NYSCEF Doc Nos. 27, 163.

Thus, Structure Tone's motion for summary judgment for defense from Dimaio and Citywide must be granted.

Control

In Russin v Louis N. Picciano & Son, 54 NY2d 311, 318 (1981), the Court of Appeals addressed the standard for liability under Labor Law §§ 200 and 240:

> [o]nly upon obtaining the authority to supervise and control does the third party fall within the class of those having non-delegable liability as an "agent" under section 240 and 241. To hold otherwise and impose a non-delegable duty upon each contractor for all injuries occurring on a job site, and thereby make each contractor an insurer for all workers regardless of the ability to direct, supervise, and control those workers, would lead to improbable and unjust results…

However, the common law negligence claims raise the issue of fact as to the state of the millwork that the Dimaio employee left before plaintiff started working.

Thus, Dimaio's motion for summary judgment dismissing plaintiff's claims must be granted, without opposition, as to plaintiff's Labor Law §§ 200, 240(1), and 241(6) and denied as to plaintiff's common law negligence claims.

156324/2018 ROSINI, MICHAEL vs. STRUCTURE-TONE, INC.
Motion No. 009 010

Page 6 of 7

Finally, Structure Tone's third-party claim against Diamio for failure to procure insurance was withdrawn in open court at oral argument on May, 14, 2024.

Conclusion

Thus, those parts of the motion of defendant/third-party plaintiff, Structure Tone LLC f/k/a Structure Tone, Inc., s/h/a Structure-Tone, Inc., for summary judgment (Motion Sequence 9) seeking to dismiss plaintiff's third cause of action, for violating Labor Law § 240(1), and to grant summary judgment on the third-party complaint's first and fifth causes of action, for defense only, against third-party defendants Dimaio Mill Work Corporation and Citywide Painting and Design Inc., are hereby granted, and the rest of the motion is denied; those parts of the motion of defendant/third-party defendant Dimaio for summary judgment (Motion Sequence 10) to dismiss plaintiff's second, third, fourth, and fifth causes of action, for violations of Labor Law §§ 200, 240(1), and 241(6), are hereby granted as to Dimaio only, and are otherwise denied; and the Clerk is hereby directed to enter judgment accordingly.

HON. ARTHUR F. ENGORON, J.S.C.

| 6/26/2024 | | | | ARTHUR F. ENGORON, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**156324/2018  ROSINI, MICHAEL vs. STRUCTURE-TONE, INC.**
**Motion No.  009 010**

Page 7 of 7

7 of 7