People v Lazaro (2026 NY Slip Op 00321)

People v Lazaro

2026 NY Slip Op 00321

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Ind No. 2082/16|Appeal No. 5652|Case No. 2020-04947|

[*1]The People of the State of New York, Respondent,
vJorge Lazaro, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Dalourny Nemorin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Margaret M. Crookston of counsel), for respondent.

Judgment, Supreme Court, New York County (Steven Statsinger, J.), rendered October 20, 2020, convicting defendant, upon his plea of guilty, of sexual abuse in the first degree, and sentencing him to 10 years of probation, unanimously affirmed.
Defendant failed to preserve his claim that his plea was coerced by the court's comments regarding bail and defendant's entitlement to additional discovery material pursuant to CPL 245.25(2) because he never moved to withdraw his plea or moved to vacate his conviction (see People v Delorbe, 35 NY3d 112, 119 [2020]; People v Carota, 235 AD3d 1069, 1070-1071 [3d Dept 2025], lv denied 43 NY3d 962 [2025]), and we decline to reach it in the interest of justice. As an alternative holding, we reject it on the merits.
The plea here, the result of counsel's comprehensive and dedicated advocacy, was carefully structured to enable defendant to serve jail time in advance of his plea in order to obtain a highly favorable probationary sentence that accounted for defendant's immigration status (see People v Rojas, 227 AD3d 415, 415 [1st Dept 2024], lv denied 42 NY3d 929 [2024]). During the one-year period between the date the plea agreement was negotiated and the sentencing proceeding, defendant never expressed in any way that he did not understand the plea bargain (see People v Rochester, 236 AD3d 550, 551 [1st Dept 2025], lv denied 43 NY3d 1058 [2025]). This case does not fall within the exception to preservation because it does not involve a "deficiency in the plea allocution" that "is so clear from the record that the court's attention should have been instantly drawn to the problem" (People v Scott, —NY3d —, 2025 NY Slip Op 01562, *2 [2025], quoting People v Lopez, 71 NY2d 662, 665-666 [1988]).
During the plea proceeding, defendant admitted his crime and acknowledged that he understood the court's instructions, had sufficient time to discuss the plea bargain with counsel, and understood what was happening in court (People v Conceicao, 26 NY3d 375, 383 [2015]). He also acknowledged that he was pleading guilty of his own free will and because he was guilty (see People v Pellegrino, 26 NY3d 1063, 1064 [2015]). Additionally, defendant "had sufficient opportunity to weigh the relative merits of the plea offered against the hazards of a trial" (People v Fiumefreddo, 82 NY2d 536, 546 [1993]). The court "conducted a thorough colloquy that established the voluntariness of the plea" (People v Criscuolo, 200 AD3d 469, 470 [1st Dept 2021], lv denied 38 NY3d 949 [2022]). Defendant's cognitive impairment did not impede his understanding of the court proceeding, and he did not at any time express an inability to understand the court's instructions and questions or complain that he had insufficient time to confer with counsel (see People v Valdez, 138 AD3d 464, 465 [1st Dept 2016], lv denied 27 NY3d 1156 [2016]).
CPL 245.25(2) was inapplicable to defendant's case because the plea offer was extended by the court and not the People. Additionally, the court never threatened to reimpose bail or remand defendant if he did not plead guilty (cf. People v Sung Min, 249 AD2d 130, 132 [1st Dept 1998]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026