Paris v State of New York (2026 NY Slip Op 00321)

Paris v State of New York

2026 NY Slip Op 00321

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Scarpulla, Rosado, O'Neill Levy, Chan, JJ. 

Appeal No. 5468-5473|Case No. 2024-05329, 2024-05505|

[*1]Jose Paris et al., Claimants-Appellants-Respondents,
vThe State of New York, Defendant-Respondent-Appellant.

Lisa M. Comeau, Garden City, for appellants-respondents.
Armienti, DeBellis & Rhoden, LLP, Mineola (Christopher Grimaldi of counsel), for respondent-appellant.

Order of the Court of Claims of the State of New York (Richard E. Sise, J.), entered on or about February 28, 2024, which, to the extent appealed from as limited by the briefs, denied claimants' motion for partial summary judgment on their Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted. Appeals from order, same court and Justice, entered on or about June 21, 2024, which, upon reargument, granted claimants' motion for partial summary judgment on their Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) § 23-9.4(h)(5), and from judgment, same court and Justice, entered on or about July 8, 2024, directing trial on the issue of damages related to the § 241(6) claim, unanimously dismissed, without costs, as academic.
The court should have granted claimants partial summary judgment on their claim pursuant to Labor Law § 240 (1). The 20-foot, permanently affixed ladder that claimant Jose Paris used, which was the only means by which he could reach the bottom of the excavation pit in which he was working, was a safety device within the meaning of the statute (see Stallone v Plaza Constr. Corp., 95 AD3d 633, 633-634 [1st Dept 2012]). The ladder proved inadequate to shield claimant from harm directly flowing from the application of the force of gravity, specifically soil and gravel material falling onto him from an excavator's bucket above him, and the injuries he sustained when he fell off the ladder were at least partly attributable to defendant's failure to take safety measures to protect him from elevation-related risks (see id. at 634; see also Crimi v Neves Assoc., 306 AD2d 152, 153 [1st Dept 2003]).
Defendant failed to raise an issue of fact as to whether claimant was the sole proximate cause of his injury. That claimant may have been injured "in an area of the work site where [he] was not supposed to be amounts to comparative negligence, which is not a defense to a Labor Law § 240(1) claim" (Plaku v 1622 Van Buren LLC, 198 AD3d 431, 432 [1st Dept 2021]).
The Labor Law § 241(6) claim is academic in light of our grant of partial summary judgment on the Labor Law § 240(1) claim (see Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026